SEE Case 2:22-cv-01607-APG-DJA   Document 13-1   Filed 10/19/22   Page 5 of 10

Matthew Travis Houston
Name and Inmate Booking Number  1210652

HDSP
Place of Confinement

Po Box 650
Mailing Address

Indian Springs, NV 89070-0650
City, State, Zip Code

UNITED STATES DISTRICT COURT - Case No. 2:22-CV-02168-ART-EJY
DISTRICT OF NEVADA - OBJECTION TO MINUTE ORDER 2/5/2024:
                    OBJECTION TO ORDER REVOKING
                    IN FORMA PAUPERIS STATUS (SUPPLIMENT):
                    OBJECTION TO ORDER DENYING MOTION:
                    PETITION TO ESTABLISH FACTUAL INNOCENCE:
                    PURSUANT TO N.R.S. 34.900.
MATTHEW   TRAVIS  HOUSTON ,      SEE Case No. 2:19-CV-01360-RFB-VCF
                    Plaintiff    (To be supplied by Clerk of Court)
                                 EMERGENCY PETITION FOR A WRIT OF PROHIBITION.
     vs. JAMES DZURENDA:
(24) ENCORE EVENT TECHNOLOGIES,        CIVIL RIGHTS COMPLAINT
(278) NEVADA BOARD OF PAROLE COMMISSIONERS  BY AN INMATE
     JERRY HOWELL ,               AND
                                 HUMAN TRAFFICKING COMPLAINT
(103) JEREMY BEAN, WARDEN ,
     MANDALAY BAY CORPORATION,    ☒ Original Complaint
(60) AARON D. FORD, NEVADA ATTORNEY ,    ☒ First Amended Complaint (Suppliment)
     GENERAL
(137) JOSEPH M. LOMBARDO ,        ☐ Second Amended Complaint
     GOVERNOR
(16) TIERRA DANIELLE JONES ,
     EIGHTH JUDICIAL DISTRICT CT. Defendant(s).    ☐ Jury Trial Demanded

SEE RENEWED LIST OF PARTIES AND
DEMAND FOR REPARATIONS —

## A.   JURISDICTION

1) This Court has jurisdiction over this action pursuant to:

   ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

   ☒ Other: 28 U.S.C § 1332(a)(1) + 42 C.F.R. Part 2 and
   The Americans With Disabilities Act of 1990

2) Institution/city where Plaintiff currently resides: HIGH DESERT STATE PRISON

3) Institution/city where violation(s) occurred: Various - multi-jurisdictional and multidistrict-

4) Any layperson who is not legally blind like the Plaintiff is can
   Easily SEE that the P.S.I.        ( SEE attatchments)
   clearly reflects Mr. Houstons actual innocence in both
   C-17-323614-1  and  C-21-357927-1:

STATEMENT OF FACTS: Kidnapped from his home in
1. Iowa City, Iowa —
2. On July 14, 2021, MATTHEW TRAVIS HOUSTON (hereinafter "Petitioner-Appellant")
3. was abducted from his hotel room at the Best Western located at ▓▓▓▓ 3041
4. St. Rose Parkway in Henderson, Nevada, as he was not served with any sort of
5. summons or WARRANT, nor was told or read that he had any kind of rights. This
6. false arrest prevented Petitioner-Appellant from attending his appointment the very
7. next day at Nevada Retina Specialists, with Dr. Tyson Ward on July 15, 2021, while
8. this continued imprisonment of his person also prevented him from attending his medical
9. disability rating in Reno, Nevada, on August 15, 2021, with Dr. Quaglieri. Both appointments
10. of which had been scheduled by the abductors, SEDGWICK'S Dianne Ferrante, and her
11. alleged supervisor, Rosemarie McMorris-Alexander, as was the booking of his room.
12. The Petitioner-Appellant's attempt at release from CCDC was intended so that he could
13. search for, and hopefully, retrieve his service animals. However, the now-dismissed counsel, J.
14. Wood of Benard Little, provided misinformation regarding the lack of a directly-related "City Jail
15. Detainer Hold." Counsel had told Petitioner-Appellant, all the while coercing his client into a
16. potential release from custody, that he "did not see a detainer hold" – when, in fact, there was.
17. This coercion of the client by his previous representation created a second double-jeopardy –
    (See Exhibit "B" - Exhibit "2")
18. in LAS VEGAS MUNICIPAL COURT #12483B4A + #C12378O2A; with the first being by J. Wood
    Both AMD LAW, PLLC and
19. in the EIGHTH JUDICIAL DISTRICT COURT 21-CR-019840 + 21-CR-035713. A. Goldstein NEVER visited
    aka JUSTICE COURT, LAS VEGAS TOWNSHIP—
20. Mr. Houston. These traumatic events are a cruel and unusual punishment being inflicted upon an abused
21. and innocent man, who was forced into an involuntary relocation, with unnecessary hardships
22. causing the eviction of his law office located at 435 South Linn Street #927, in Iowa
23. City, Iowa (52240), $36.5 million of property damage and the destruction of his K-9(s).
24. Due to crimes both civil and criminal, not to mention the willful omissions of Rosemarie
25. McMorris-Alexander and Dianne Ferrante, SEDGWICK and the prosecutions most unlawful use
26. of overreaching tactics IN their exploitation of the innocent man has put the Petitioner-Appellant
27. into an unmanageable state of duress, homelessness, and extensive incarceration.
28. ///

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Matthew Trovis Houston    I.D. NUMBER: 1210652

INSTITUTION: HDSP    UNIT #: 9-D-6

GRIEVANCE #: A-17-758861-C    GRIEVANCE LEVEL: EXHAUSTED
aka Exhibit "3"
GRIEVANT'S STATEMENT CONTINUATION:    PG. 1    OF 2

EMERGENCY LETTER OF MOTION TO DEPARTMENT 29
OF THE EIGHTH JUDICIAL DISTRICT COURT:

SUBJECT: Case No. A-17-758861-C
Complaint filed on July 24th, 2017
See Exhibit "3"

Hello,

My name is Matthew Trovis Houston,
and I am the plaintiff in the above-titled
action. I have been ordered by The Hon.
Jacob A. Reynolds to file a NEW COMPLAINT,
however, due to the destruction of my law
office in Iowa City, Iowa (435 S. Linn St #927)
I have none of my records. Could the clerk please
send my a copy of my ORIGINAL COMPLAINT that

Original:    Attached to Grievance
Pink:    Inmate's Copy

DOC · 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Matthew Travis Houston   I.D. NUMBER: 1210652

INSTITUTION: HDSP   UNIT #: 9-D-6

GRIEVANCE #: A-17-758861-C   GRIEVANCE LEVEL: EXHAUSTED
aka Exhibit "3"
GRIEVANT'S STATEMENT CONTINUATION:   PG. 2   OF 2

was filed on July 24th, 2017? The
original complaint that was filed was
completely defective and done without my
express concent by the maliciously and neglectful
and extremely NEGLIGENT practitioners of LEGAL
MALPRACTICE, the nefarious BERNSTEIN &
POISSON, LLP. The court will please
take notice that the "law firm" didn't even
enter the correct spelling of my name, nor
did they include JASON BARRUS, ERICA TOSH
or LINDA MARIE BELL, and/or numerous other
witnesses to the catastrophic injuries I've been
the unfortunate survivor of September 30, 2016,
and ONE OCTOBER. I sincerely appreciate the clerk's
help in my obtainment of records — Matt Travis Hoto

Original:   Attached to Grievance
Pink:   Inmate's Copy

DOC - 3097 (01/02)

**ARGUMENT**

I.    **THE STATUTE FOR A PETITION TO ESTABLISH FACTUAL INNOCENCE CONTROLS THE REQUIRED FINDINGS AND BRIEFING SCHEDULE**

According to NRS 34.920, factual innocence means a defendant did not do the following:

> 1. Engage in the conduct for which he or she was convicted;
> 2. Engage in conduct constituting a lesser included or inchoate offense of the crime for which he or she was convicted;
> 3. Commit any other crime arising out of or reasonably connected to the facts supporting the indictment or information upon which he or she was convicted; and
> 4. Commit the conduct charged by the State under any theory of criminal liability alleged in the indictment or information.

Petitioner entitles his filing as a Petition for a Writ to Establish Factual Innocence. NRS 34.960 governs Petitions to Establish Factual Innocence. The statute dictates the duties required of both a petitioner and the district court in resolving a Petition to Establish Factual Innocence.

Pursuant to NRS 34.960(1) through (3):

> 1. At any time after the expiration of the period during which a motion for a new trial based on newly discovered evidence may be made pursuant to NRS 176.515, a person who has been convicted of a felony may petition the district court in the county in which the person was convicted for a hearing to establish the factual innocence of the person based on newly discovered evidence. A person who files a petition pursuant to this subsection shall serve notice and a copy of the petition upon the prosecuting agency.
>
> **2. A petition filed pursuant to subsection 1 must contain an assertion of factual innocence under oath by the petitioner and must aver, with supporting affidavits or other credible documents, that:**
> **(a) Newly discovered evidence exists that is specifically identified and, if credible, establishes a bona fide issue of factual innocence;**
> (b) The newly discovered evidence identified by the petitioner:
> (1) Establishes innocence and is material to the case and the determination of factual innocence;
> (2) Is not merely cumulative of evidence that was known, is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence; and

(3) Is distinguishable from any claims made in any previous petitions;

(c) If some or all of the newly discovered evidence alleged in the petition is a biological specimen, that a genetic marker analysis was performed pursuant to NRS 176.0918, 176.09183 and 176.09187 and the results were favorable to the petitioner; and

(d) When viewed with all other evidence in the case, regardless of whether such evidence was admitted during trial, the newly discovered evidence demonstrates the factual innocence of the petitioner.

3. In addition to the requirements set forth in subsection 2, a petition filed pursuant to subsection 1 must also assert that:

(a) Neither the petitioner nor the petitioner's counsel knew of the newly discovered evidence at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or postconviction petition, and the evidence could not have been discovered by the petitioner or the petitioner's counsel through the exercise of reasonable diligence; or

(b) A court has found ineffective assistance of counsel for failing to exercise reasonable diligence in uncovering the newly discovered evidence.

(emphasis added).

After a Petition to Establish Factual Innocence is filed, NRS 34.960(4) further requires:

4.   The court shall review the petition and determine whether the petition satisfies the requirements of subsection 2. If the court determines that the petition:

**(a) Does not meet the requirements of subsection 2, the court shall dismiss the petition without prejudice, state the basis for the dismissal and send notice of the dismissal to the petitioner, the district attorney and the Attorney General.**

(b) Meets the requirements of subsection 2, the court shall determine whether the petition satisfies the requirements of subsection 3. If the court determines that the petition does not meet the requirements of subsection 3, the court may:

(1) Dismiss the petition without prejudice, state the basis for the dismissal and send notice of the dismissal to the petitioner, the district attorney and the Attorney General; or

(2) Waive the requirements of subsection 3 if the court finds the petition should proceed to a hearing and that there is other evidence that could have been discovered through the exercise of reasonable diligence by the petitioner or the petitioner's counsel at trial, and the other evidence:

(I) Was not discovered by the petitioner or the petitioner's counsel;

(II) Is material upon the issue of factual innocence; and

(III) Has never been presented to a court.

(emphasis added).

Additionally, pursuant to NRS 34.960(5) and (6):

5.   Any second or subsequent petition filed by a person must be dismissed if the court determines that the petition fails to identify

6

1 new or different evidence in support of the factual innocence claim or, if new and different grounds are alleged, the court finds that

2 the failure of the petitioner to assert those grounds in a prior petition filed pursuant to this section constituted an abuse of the writ.

3

  **6. The court shall provide a written explanation of its order**

4 **to dismiss or not to dismiss the petition based on the requirements set forth in subsections 2 and 3.**

5

6 (emphasis added).

7   If a Petition to Establish Factual Innocence is not summarily dismissed, NRS 34.970

8 governs the requirements of an order to respond to a Petition to Establish Factual Innocence

9 and the timelines required in resolving the Petition:

10  **1. If the court does not dismiss a petition after reviewing the petition in accordance with NRS 34.960, the court shall order**

11 **the district attorney or the Attorney General to file a response to the petition. The court's order must:**

12 **(a) Specify which claims identified in the petition warrant a response from the district attorney or the Attorney General; and**

13

14 **(b) Specify which newly discovered evidence identified in the petition, if credible, might establish a bona fide issue of factual innocence.**

15

16  **2. The district attorney or the Attorney General shall, not later than 120 days after receipt of the court's order requiring**

17 **a response,** or within any additional period the court allows, respond to the petition and serve a copy upon the petitioner and, if

18 the district attorney is responding to the petition, the Attorney General.

19  3. Not later than 30 days after the date the district attorney or the Attorney General responds to the petition, the petitioner may reply

20 to the response. Not later than 30 days after the expiration of the period during which the petitioner may reply to the response, the

21 court shall consider the petition, any response by the district attorney or the Attorney General and any reply by the petitioner.

22 If the court determines that the petition meets the requirements of NRS 34.960 and that there is a bona fide issue of factual innocence

23 regarding the charges of which the petitioner was convicted, the court shall order a hearing on the petition. If the court does not

24 make such a determination, the court shall enter an order denying the petition. For the purposes of this subsection, a bona fide issue

25 of factual innocence does not exist if the petitioner is merely relitigating facts, issues or evidence presented in a previous

26 proceeding or if the petitioner is unable to identify with sufficient specificity the nature and reliability of the newly discovered

27 evidence that establishes the factual innocence of the petitioner. Unless stipulated to by the parties, the court may not grant a

28 hearing on the petition during any period in which criminal

proceedings in the matter are pending before any trial or appellate court.

4.   If the court grants a hearing on the petition, the hearing must be held and the final order must be entered not later than 150 days after the expiration of the period during which the petitioner may reply to the response to the petition by the district attorney or the Attorney General pursuant to subsection 3 unless the court determines that additional time is required for good cause shown.
...

**8.   The court shall provide a written explanation of its determination that the petitioner proved or failed to prove his or her factual innocence by clear and convincing evidence.**

(emphasis added).

Accordingly, this Court is required to review the instant Petition to Establish Factual Innocence to determine whether Petitioner has filed the Petition to Establish Factual Innocence properly pursuant to NRS 34.960(2)-(3) and whether Petitioner has presented any "newly discovered evidence" within the meaning on NRS 34.930 that is not cumulative of evidence presented in prior Petitions, is not solely reliant upon recantation of a witness, and when, viewed in light of the evidence as a whole (including Petitioner's guilty plea itself) demonstrates the factual innocence of Petitioner. NRS 34.960; NRS 34.970.

After review, this Court must issue a written order explaining its decision to either dismiss or not to dismiss the Petition. NRS 34.960(6). If the Petition is dismissed, nothing further is necessary. If the Petition is not dismissed, the Court must issue an order to respond to the Petition identifying the specific claims and evidence which the Court believes warrant a response and give the State no less than one hundred twenty (120) days to respond. NRS 34.970.

SEE ALL CASES OF THE INNOCENT MAN OF FACT AND MERIT
IN THE COURT OF APPEALS OF THE STATE OF NEVADA:

MATTHEW TRAVIS HOUSTON,

    Plaintiff - Appellant,

    V.

THE STATE OF NEVADA,              Case No.(s) 84886-COA

BRIAN P. CLARK,                            85747 - COA

JOSEPH M. LOMBARDO, ET AL,                   86624

MANDALAY BAY CORP., ET AL,              86764 - COA

CALVIN JOHNSON ET AL                       86972

DANIEL L. SCHWARTZ,                        87003

BERNSTEIN & POISSON, LLP,                  87005

    Defendant(s)-Respondent(s).

OPPOSITION TO AND SUPPLIMENTAL RESPONSE
TO ORDER AFFIRMING IN PART AND DISMISSING
IN PART FILED JULY 27TH, 2023, IN NO. 84886-COA


    Mr. Houston appealed retroactively from the date
he fell 45' feet and died, on September 30th, 2016.
He again appealed retroactively on September 20th, 2016,
when he was victim of false arrest for felony DUI, to
which that case had been dismissed, which in turn
caused Mr. Houston to be wrongfully convicted for a
total of 6 years and interfered with his injuries
sustained from the events of both September 30th,
2016, and October 01st, 2017.

The wrongful convictions of Mr. Houston have completely denied Mr. Houston's recovery from both his industrial work accident, and the terrible ONE OCTOBER terrorist attack, especially as he was and continues to be victimized by FREEMAN COMPANIES ET AL. Fast forward to the causation of this No. 84886-COA, to which Mr. Houston's MOTION TO WITHDRAW GPA was filed October 05th, 2021, well before April 13th, 2022. This court cannot continue to ignore the facts regarding the previous and ongoing injustices Mr. Houston has suffered. In Mr. Houston's pleadings he did NOT allege anything: Per Webster's New Pocket Dictionary, © 2007, the word "allege" means "to assert, especially without proof". From the onset, Mr. Houston has stated only truth, reason and fact. SEE police report filed by Henderson Police Department on July 14th, 2021, re "Mr. Houston's dogs". SEE ALSO LVMPD Report/Event Number 210700065245 (attached).

Mr. Houston's MOTION TO WITHDRAW GUILTY PLEA in fact meets the requirements of NRS 34.724(3) because it was part of his 'PERSONAL RESTRAINT PETITION' and DIRECT APPEAL, which has been repeatedly filed in multi-jurisdictional litigation.

Relief for Mr. Houston is absolutely warranted because of the judicial bias against him in JUSTICE COURT, LAS VEGAS TOWNSHIP, MUNICIPAL COURT OF THE CITY OF

LAS VEGAS and in the EIGHTH JUDICIAL DISTRICT COURT, not to mention Federal and State appellate jurisdictions. The bias against Mr. Houston began September 20th, 2016, during the false arrest of his person for a dismissed DUI case. SEE EJDC Case No. C-17-323614-1. Linda Marie Bell erroneously and maliciously denied Mr. Houston an application to mental health court in her judicial neglect of the Dusky Standard in May, 2017. The reason for her prosecutorial misconduct and malicious prosecution is her involvement with the firm LEWIS BRISBOIS BISGAARD & SMITH, LLP, and it's nefarious mob leader, Mr. Daniel L. Schwartz.

The denial of Mr. Houston's motions were very much based on knowledge acquired outside of the proceedings because of the collusion against Mr. Houston by ROSEMARIE MCMORRIS-ALEXANDER ET AL and the deep-seated favoritism of insurance companies over injured workers in the STATE OF NEVADA, and is blatantly supported by the NEVADA GAMING COMMISSION. The fact that Daniel L. Schwartz was an employee of the NEVADA ATTORNEY FOR INJURED WORKERS (NAIW) is an extrajudicial source rooted in Mr. Houston's Industrial work accident of September 30th, 2016, the horrendous events of ONE OCTOBER, and outright conspiracy against the Appellant, SEE 80562-COA. EJDC Case No. A-17-758861-C NOW 86764-COA. SEE ALSO Magistrate Melisa De La Garza's deep-seated favoritism of CRAIG MUELLER AND ASSOCIATES (LVJC No. 22A001793)

and her antagonism against the Appellant, Mr. Houston, SEE EJDC Case No. C-17-323614-1, which rendered fair judgement impossible.

Mr. Houston's situation is in no way "general" nor were the prejudiced judgements against him as the Supreme Court of Nevada was biased against Mr. Houston in No.(s) 79408 and 80562-COA and in No. 84281 when ignoring his meritoriously VALID appellant deprivation claims and his coinciding interpleadings, including but not limited to this JOINDER OF APPEAL, this proof of factual and ACTUAL innocence, and this RENEWED MOTION FOR REINSTATEMENT OF ALL BRIEFING SCHEDULES OF THE APPELLANT (that being the victim of crime, survivor of ONE OCTOBER, and innocent man, Matthew Travis Houston). The judicial bias against Mr. Houston was established well before September 20th, 2016 - September 30th, 2016 - October 01st, 2017 and is ongoing due to the false arrest of Mr. Houston on July 14th, 2021, due to the perjury of ROSEMARIE MCMORRIS-ALEXANDER ET AL.

The question for Our Lady Justice is, "What does Rivero v. Rivero and Romano v. Romano even have to do with Mr. Houston?" The answer is: Absolutely NOTHING. Furthermore, in 2022, Romano v. Romano overruled the decision of Rivero v. Rivero and the Petition To Recall Dunleavey.

//

The Supreme Court of Nevada has reviewed none of the documents Mr. Houston has filed because if they had, then the court would have reversed the fraudulent J.O.C. of Mr. Houston in EJDC Case No. C-17-323614-1, and the court would have reversed the abuse of discretion in Mr. Houston's third-party personal injury case from January 29th 2020 – January 30th, 2020, and ongoing as of VOID ORDER ON PENDING MOTIONS entered on May 15th, 2023, in EJDC Case No. A-17-758861-C.

All briefing schedules in all appeals and all cases of Matthew Travis Houston should be expeditiously reinstated because his emergency motions are meritoriously valid due to points and authorities that are retroactive. See EJDC Case No. A-17-758861-C. A petition for judicial review of the erroneous events of December 06, 2021, was filed well before February 17, 2022. See Exhibit "3"

## DECLARATION OF MATTHEW TRAVIS HOUSTON:

1. Yet when the whole story is told, the initial case filed (numbers (See Petition
2. For Judicial Review, pages 1-32, initially filed as a Notice of Appeal, February
3. 18, 2022. Amended pages, 5-16, Venire Facias de Novo.)
4. Proceeding to a second trial is awarded where a finding by the Court "is
5. so defective, uncertain, or ambiguous upon its face, that no judgment
6. can be rendered upon it."
7. See 41 N.E. 383, 384. The State of Nevada shows this as NRCP 59/NRCP 60
8. Now, if this court would be so kind to read this completely, it will
9. see that the Petitioner has demonstrated a prima facie need for all
10. transcripts, pleadings, and any and all other transcribed material
11. with regards to the above entitled cases, and ALL cases of the
12. wrongfully convicted Plaintiff / Petitioner / Appellant /
13. Plaintiff-In-Error, who is legally blind-visually impaired.
14. As the attached interpleadings show, Mr. Houston
15. has been denied access to the courts to obtain justice
16. in his meritoriously VALID claims relating to malicious negligence,
17. employment discrimination and other problems of the contemptible
18. FREEMAN COMPANIES' ENCORE EVENT TECHNOLOGIES.
19. The primary issue of concern is that SEDGWICK ("MS'
20. ROSEMARIE MCMORRIS-ALEXANDER fabricated a false
21. police report to L.V.M.P.D. than scheduled Mr. Houston
22. to visit the State of Nevada from his homes in the
23. State of Iowa, located at 1004 Cardinal Dr., Maquoketa,
24. IA, 52060, and 435 S. Linn St. #927, Iowa City, IA,
25. 52240. SEDGWICK CMS knowingly, willfully and maliciously
26. made up their lies about Mr. Houston so that they could avoid
27. their duty to ensure proper compensation to Mr. Houston so
28. that he could recover from his industrial work accident.
29. This Honorable Court will please perfect analysis regarding
30. the following OBJECTIONS in both multidistrict AND
31. multijurisdictional litigation:

*Filing Code* → OPPS + OBD    DISTRICT COURT
        CLARK COUNTY, NEVADA    CASE No. A-22-859815-C
    Houston,                        Dept. No.    24
        v. Plaintiff,
                MAILED PINK COPY TO                    Electronically Filed
    Ferrante    SMS CHARTERED D/B/A SOFOS                09/21/2023
    et al,    340 E. Warm Springs Rd #110
    Defendants.    Las Vegas, NV  89119            CLERK OF THE COURT

    NEVADA DEPARTMENT OF CORRECTIONS
        GRIEVANT'S STATEMENT CONTINUATION FORM
*Motion Title* → OPPOSITION TO THE PERJURY OF R. MCMORRIS-ALEXANDER ET.AL

NAME: Matthew Travis Houston    I.D. NUMBER: 1210652

"Join Lose/EJDC/"    INSTITUTION: HDSP    UNIT #: 9D6  4-D-39

    GRIEVANCE #: A-17-758861-C    GRIEVANCE LEVEL: EXHAUSTED

                "Hearing Requested"
Electronically Filed  GRIEVANT'S STATEMENT CONTINUATION:    PG.    1    OF    4
09/S/2023
                To: Alexis M. Duecker, Esq.
CLERK OF THE COURT  DATED: June 15, 2023  RE: C-21-357927-1

FROM AN INNOCENT MAN, BOTH FACTUALLY AND ACTUALLY

    Hello Alexis  ☺

        I was suffering from PTSD panic attack

on May 31, 2023, especially as I noticed BENARD

H. LITTLE coerce another victim right in

front of me.  I'm half-blind and half-deaf

but I am NOT dumb.  I also noticed somebody

from CRAIG MUELLER AND ASSOCIATES, who are

supposed to be part of my legal team also.

My original lawyer was to have been Mr.

John Mommot, however he passed in 2017,

and that's when I decided to file my

employment discrimination claim and go to

law school @ CSN - UNLV. C-17-323614-1

Original:    Attached to Grievance    SEE LVJC Case No.
Pink:    Inmate's Copy    17A003393, LVJC Dept #5
                    Donald Lowrey,
                    Cynthia Cruz
        Case Number A-22-859815-C    DOC - 3097 (01/02)

RECEIVED AUG 3 1 2023  CLERK OF THE COURT

# NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Matthew Travis Houston    I.D. NUMBER: 1210652

INSTITUTION: HDSP    UNIT #: 9D6 4-D-39

CASE / GRIEVANCE #: EJDC A-17-758861-C    GRIEVANCE LEVEL: EXHAUSTED

GRIEVANT'S STATEMENT CONTINUATION:    PG. 2    OF 4

In this envelope I've included copy of continued lies of R. McMorris-Alexander, Daniel L. Schwartz, and their and reinforcements of counsel, Hooks, MENG & CLEMENT. Her "AFFIDAVIT" is nothing but absolute slanderous manipulation and further defamation of my GOOD character. RESPONSE: 4. Not at any time did I take frustrations out on anyone at SEDGWICK. 5. The week of July 22, 2020, I never contacted SEDGWICK. 6. On or about June 09, 2021, I was NOT in the State of Nevada. 7. I never made any sort of phone call to any of the defendants on June 11, 2021. 8. I was NOT charged with any sort of crime on August 03, 2021, especially NOT in WRIT A-22-853203-W. 9. I have no memory of ever signing any sort of GPA on August 04, 2021, and did not see the

Original:    Attached to Grievance
Pink:    Inmate's Copy

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Matthew Travis Houston   I.D. NUMBER: 1210652

INSTITUTION: _____ HDSP _____   UNIT #: 9D6 ~~7~~ ~~D~~ ~~34~~

CASE/ EJDC
GRIEVANCE #: A-17-758861-C   GRIEVANCE LEVEL: EXHAUSTED

GRIEVANT'S STATEMENT CONTINUATION   PG. 3 OF 4

frandulent document until February 01, 2022,
along with death threats in my legal mail at
HDSP. I did NOT give my "EXPRESS CONCENT"
to the making of any sort of agreement and/or
pleading "guilty" to any crime. 11. I have no
memory of making any telephone calls on ONE OCT,
2021, that was 5 years after the anniversory of
my accident at Mandalay Bay, and this DECLARATION is
supported, and meritoriously VALID according to
numerous witnesses. 12. There never was any
sort of "Motion to Revoke the Plea Agreement"
filed by the District Attorney. 15. LVMPD HOUSE
ARREST UNIT records will prove and show to the
court(s) that I've NEVER been in and around the
area of R. McMorris-Alexander's home. I have NO
clue where "Morningcross Street" is. That info

Original:     Attached to Grievance
Pink:         Inmate's Copy

DOC – 3097 (01/02)

## NEVADA DEPARTMENT OF CORRECTIONS
## GRIEVANT'S STATEMENT CONTINUATION FORM

NAME: Matthew Travis Houston    I.D. NUMBER: 1210652

INSTITUTION: HDSP    UNIT #: 9D6 4-D-34

CASE/ GRIEVANCE #: EJDC A-17-758861-C    GRIEVANCE LEVEL: EXHAUSTED

GRIEVANT'S STATEMENT CONTINUATION:    PG. 4 OF 4

was only provided to me in an expired no
contact order that was Served to me by
AMY CHELINI in October, 2021, well after I
was wrongfully Convicted and extensively incarcerated
due to the negligence and MALICE of SEDGWICK
CMS, If my vehicle was parked in that neighbor
hood, who are these neighbors? And, why was my
vehicles parked in EXCALIBUR DIAMOND MEMBER
parking area the entire time between the false
arrest of my person on 7.14.2021 to time of
impoundment(s)? If the fraudulent GPA was
"thrown out" than how did I become wrongfully
convicted? 18. legal malpractice 19. legal malpractice
20. Information provided ONLY from expired and the defendants
intentionally fraudulent TPO. 21. I've never intended to, nor
ever will I intend to harass A. McMorris-Alexander et al.

Original:    Attached to Grievance    Thank you for your help
Pink:    Inmate's Copy    Alexis. I am an innocent
man and the victim of SEDGWICK CMS and
their intentional malice. See you June 28, 2023.

DOC - 3097 (01/12)

X. m.T.H.

ABA ID No. 04662784

Matthew Travis Houston
ABA # 04662484

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Matthew Travis Houston,
        Petitioner,
    v.
Brian E. Williams, Sr., et al
        Respondent(s).

Case No. 2:23-cv-01349-JAD-BNW

MOTION FOR RECONSIDERATION AND RESPONSE TO ORDER DISMISSING ACTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

OBJECTION: Matthew Travis Houston is in fact wrongfully convicted and extensively incarcerated at Nevada's High Desert State Prison after having been kidnapped from his home in Iowa City, Iowa, by the penjury and willful omissions of DIANNE FERRANTE ET AL. See EJDC Case No. A-22-859815-C.

OBJECTION: The 304 page collection is in effect a BRANDEIS BRIEF

and have everything to do with connection and eachother. If Jennifer A. Dorsey had actually read the petition, she would have ruled on the merits. However, she lied. Just as she did about Mr. Houston's FINANCIAL CERTIFICATE.

The Question for Our Lady Justice is;

"How can an innocent man pay $5.$^{00}$

with $0.09¢ ?

——— MOTION TO RECUSE ———
(PLEASE SEE ATTATCHED)

9.20.2023                X M.T.H.

Matthew Travis Houston
ABA ID # 04662784
NDOC # 1210652

U.S. UNITED STATES COURT
DISTRICT
DISTRICT OF NEV.

M. Houston,
Petitioner,

V.

B. Williams, et al
Respondent(s).

Case no. 2-23-CV-01210-APG
DJA

→ Motion For Reconsideration
And Response To Order Dismissing
Petition Without Prejudice As
Unexhausted Filed August 31, 2023 ←

Petitioner is in fact a Plaintiff-in-Error, having to
file as a pro se Nevada prisoner, due to the fact that he
became illegally incarcerated and wrongfully convicted ~~~~
as result of the ~~~~~~~~~~~~~ false police reports made
to LVMPD by ROSEMARIE MCMORRIS-ALEXANDER ET AL, resulting in
the kidnapping of the Petitioner, Mr. Houston, and revealing to this
court and the world the nefarious scheme of Nevada Workers
Compensation — a scheme that is malicious in its intent. ~~~~~~
Malicious to the injured workers, their families, and American Society as
a whole. The causation-in-fact ~~~~~~~~~ against the Plaintiff-in-Error ~~~~~~~~~
is based off a deliberate and indifferent ploy to extort money
by SEDGWICK CMS to extort money from the Plaintiff-in-
Error and profit off of its the injuries of the disabled.

Mr. Houston in fact has presented his claims to the highest
Nevada State Court in multiple pleadings including but
not limited to his now dismissed Petition for A Writ of
Mandamus, Joinder of Appeal And Meritorious Intervention
See # 84886-COA, # 85747-COA, # 85962-COA, # 86624, # 86764-COA,
# 86972, # 87003, and # 87005.

I. Background
Houston's state habeas petition for a writ of habeas corpus
is in fact Case No. A-22-853203-W, to which his meritorious
claims have been overly exhausted in both the Supreme
Court of Nevada and the Nevada Court of Appeals.

## II. Discussion

Mr. Houston has been denied fair representation by both the Supreme Court of Nevada and the Nevada Court of Appeals, as he has in fact presented both courts the operative facts and the federal legal theory upon which his claims are based, and has done so in accordance with State procedures. Furthermore, Mr. Houston's actual and factual innocence satisfies both exhaustion requirements and procedural rules. See Coleman v. Thompson, 501 U.S. 722, 750, 115 L. Ed. 2d 640 (199), the procedural bar can be overcome upon a showing of "cause" and "prejudice" for petitioner's default. Mr. Houston's claims are wholly exhausted prima facie.

Please see attached Interpleadings, most especially the new RENEWED MOTION FOR AN ORDER TO SUPPRESS and the EMERGENCY MOTION TO MODIFY AND/OR CORRECT ILLEGAL SENTENCE UNDER NRCP 59 AND NRCP 60.

## III. Conclusion

A CERTIFICATE OF APPEALABILITY should be ordered on all eleven of Mr. Houston's -attatched- claims of validity and merit, ONE - ELEVEN. -Filed-

X. 9. 13. 2023

X. _____
Rev. Matthew Travis Houston
HDA 10 No. 04662784

1
2
3

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

4  MATTHEW TRAVIS HOUSTON.        Case No. 2:22-cv-01607-DWM-CSD
5              Plaintiff,
                               EMERGENCY
6      v.
                               OBJECTIONS  TO
7                              MAGISTRATE JUDGE'S
8  JOSEPH M. LOMBARDO ET AL,    REPORT  AND
9         Defendant(s).        RECOMMENDATION (Part IV)
10                             AS A NOTICE OF APPEAL

11              I. BACKGROUND

12      Plaintiff is in fact wrongfully convicted (at least for
13  the second time) in the Nevada Department of Corrections
14  (NDOC). The original complaint in this case was filed
15  before February 15th, 2022, and as it is meritoriously VALID,
16  that original complaint should NOT have been dismissed. As
17  plaintiff's complaint is an ongoing investigation, with more
18  defendants to be added and more defendant's names to be
19  discovered, the Magistratorial bias is cause for the recusal of
20  Magistrate Judge Craig S. Denny from this case. The
21  cause of action in Mr. Houston's complaint is meritoriously
22  prima Facie and should be granted his continuance.

23      Pursuant to the Local Rules, the specific reason for the
24  requested continuance and nature of plaintiff's emergency was
25  set forth on and after September 30th, 2016, when Mr. Houston
26  fell 45' feet and died. Miraculously Mr. Houston awakened
27  from a coma and survived not only to tell his tale, but is here
28  to obtain reparations from those who are responsible for the causation-in-

1  fact of both his industrial work accident, and his being
2  victim of wrongful conviction especially he is actually
3  innocent as his factual innocence has proven.    The fact
4  that Mr. Houston's catastrophic injuries include him having
5  become blind/visually impaired is more than enough reason
6  to warrant the plaintiff a continuance.    The injury of
7  Mr. Houston is no presumption, as disability of the plaintiff
8  has warranted the delay of Mr. Houston's life so far for
9  seven years.    In considering how much of his valid cause of
10  action has been preserved by the record, witnesses and their
11  stale memories are no excuse to further damage the
12  plaintiff, Mr. Houston, a plaintiff who is permanently
13  totally disabled.    Plaintiff is in no way intentionally
14  failing to adhere to court orders, he is simply doing
15  the best he can to plead a paragraph per defendant
16  on his ever-increasing list of 209+.    Mr. Houston's
17  "vague and often times nonsensical and disjointed statements
18  on a variety of topics" is because he suffers from BATTERED
19  PERSON'S SYNDROME.    As his complaint is in fact meritorious,
20  as is his cause of action, the plaintiff can most surely plead
21  that each Government-official defendant, through the official's
22  own individual actions has violated the Constitution, etc.,
23  especially as he already has, more time is required to allow
24  the plaintiff to perfect both his complaint and his list of
25  defendants.
26      The public's interest in the expeditious resolution of wrongfully
27  convicted victims of crime is paramount, as is the court's need to
28  manage it's docket regarding the meritoriously VALID claims of the

1  plaintiff, whose action in fact was initiated September 30th,
2  2016, almost seven years ago.  The plaintiff has been
3  denied in retaliation and prejudiced by the DISTRICT OF
4  NEVADA due to the fact that the legal malpractice of
5  BERNSTEIN & POISSON, LLP  ET AL forced the plaintiff
6  to become his own advocate in pro per.  SEE EJDC
7  Case Number A-17-758861-C and attatchments.
                    ➔ SEE Exhibit "3" ←

8

9              II. DISCUSSION

10      Magistrate Judge Craig S. Denny is absolutely
11  correct in his views on the district court's inherant
12  power in controlling their dockets, however a dismissal of
13  Mr. Houston's complaint would NOT be appropriate, especially
14  because Mr. Houston literally was kidnapped from his home
15  law offices in the state of Iowa and maliciously prosecuted
16  by the defendants in his complaint.  Dismissing his complaint
17  would be aiding and abetting the criminal behavior of the
18  defendants. Again, Mr. Houston is in no way attempting to
19  avoid having to comply with the Local Rules, especially as
20  he has been deprived of his right to access the courts, he
21  has been denied the opportunity to properly amend his
22  complaint, as he was also denied that opportunity in the
23  EIGHTH JUDICIAL DISTRICT COURT.  Evidence and witnesses
24  would not be growing stale if Magistrate Craig S. Denny
25  and bad actors hadn't ignored the plaintiff's documents.

26      As the cards of justice have been stacked against Mr.
27  Houston in an effort of malice by the defendants, their
28  intent speaks for itself.  To simplify: The nefarious

1   perjury of ROSEMARIE MCMORRIS-ALEXANDER ET AL was
2   and is a deliberately planned collusion and conspiracy
3   between the insurance company SEDGWICK CMS and
4   the law firm LEWIS BRISBOIS BISGAARD & SMITH, LLP
5   to have Mr. Houston falsly imprisoned so that they can
6   continue to profit off of the plaintiff's injuries. The
7   court should vacate Local Rule IA 6-1 as the court
8   is and has been made well aware that the plaintiff's
9   documents are directly related to this case, and the
10  explanation for that is self-explanitory as those
11  documents are prima facie. This already proven
12  injustice against Mr. Houston would affect any person's
13  ability to accomplish anything, let alone litigate a
14  claim without access to a Law Library.
15      The plaintiff's specific basis for granting this further
16  continuance to file his amended complaint is because the
17  failure to file the pleading to be filed was caused by
18  a lack of accountability on behalf of the defendants:
19  indefinite lockdowns, retaliation of NDOC, etc., etc. The
20  plaintiff's LR 7-4 emergency declaration is also self-
21  explanitory, and is summarized by the previously filed and
22  ongoing interpleadings, which were blatantly ignored by
23  the judicial officers in the District of Nevada, further
24  validating the necessary appointment of Judge Malloy and
25  the District of Montana to intervene in this case per
26  9TH. CIR. ORDERS. Causation of any sort of vexatious
27  noncompliance is attributed only to the DISTRICT OF NEVADA's
28  own noncompliance in ignoring the plaintiff, Mr. Houston, and
29  most especially the EJOC in Case No. A-17-758861-C. SEE Exhibit "3":

1     To compare and contrast the actual innocence
2     of Mr. Houston, a perfect example for this court's
3     jurisprudence is that in Cabot, Arkansas, the local
4     police department investigated a woman who
5     said that if she "had any mental issues," staff at
6     a local school library would be "plowed down" with
7     a gun, according to a police report. The police
8     determined that the incident - which took place at
9     a meeting of Moms For Liberty, a group that has
10     pushed for book bans around the country - was not
11     made in the context of a threat, and that there was
12     no need to file charges.
13     Please SEE ATTATCHED Sheriff Civil No. 2300319B:
14     BWC 097397
15     The question for Our Lady Justice is,
16     "How did Redenta Blazic file her false police
17     reports about Mr. Houston if she is NOT EMPLOYED
18     AT BUSINESS NOR THEY KNOW HER?"
19     Because of supported grounds building the factual evidence of the
20     innocent man, the briefing schedules in appeals and all cases of
21     Matthew Travis Houston should be expeditiously reinstated
22     because pursuant to law, his emergency motions are
23     meritoriously valid due to points and authorities retroactive
24     in EJDC Case Number A-17-758861-C, Department 29.
25     As the PETITION FOR JUDICIAL REVIEW was received and filed
26     before December 06th, 2021 and February 17th, 2022, both the
27     weight and credibility of the pleading render it's inherant truth
28     worthy of the upmost seriousness of attention. See actual innocence:

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )       CASE No. A-23-865442-C
vs )       SHERIFF CIVIL NO: 23003198
DIANNE FERRANTE, JONATHAN SHOCKLEY, )
SEDGWICK LMS, DANIEL L SCHWARTZ, )
BRIAN P CLARK, CLARK MCCOURT, LLC,
LEWIS BRISBOIS, BISGAARD & SMITH, LLP,
ET AL, JASON LEWIS, REDENTA BLACIC,
ROSEMARIE MCMORRIS-ALEXANDER
**DEFENDANT** )       <u>**NOT FOUND AFFIDAVIT**</u>

**STATE OF NEVADA**        }
                          }  **ss:**
**COUNTY OF CLARK**        }

ISRAEL CRUZ CAMACHO, being duly sworn, deposes and says:

That he/she is a regularly appointed, qualified Deputy Sheriff of the said County of Clark, in the State of Nevada and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process by the laws of the State of Nevada, and competent to be a witness therein; that he/she and now is a citizen of the United States of America and of the State of Nevada and that he/she received the within stated civil process: SUMMONS - CIVIL,  CIVIL RIGHTS COMPLAINT BY AN INMATE  on  6/20/2023 at the hour of 2:16 PM.

That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said **REDENTA BLACIC** Defendant within Clark County, Nevada.

**ATTEMPTS TO LOCATE:**

**Date: 6/21/2023 @ 2:25 PM - OFFICE OF CONSUMER ASSISTANCE 332 W SAHARA AVENUE STE 100**

**LAS VEGAS, NV 89102**

**Attempted By: ISRAEL CRUZ CAMACHO**

**Service Type: SUBJECT NOT EMPLOYED AT BUSINESS**

**Notes: SUBJECT IS NOT AN EMPLOYED AT BUSINESS NOR THEY KNOW HER. BWC 097397**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**Dated:  June 22, 2023**

Kevin McMahill, Sheriff

By: _____  18310
ISRAEL CRUZ CAMACHO
Deputy Sheriff

**301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400**

NEWLY DISCOVERED EVIDENCE
RECEIVED DECEMBER 19, 2023:

Matthew Travis Houston, 1210652
HDSP - High Desert State Prison (Indian Springs)
P.O. Box 650
Indian Springs, NV 89070

-----------------------------------------------------------------------------------

-----------------------------------------------------------------------------------

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON, | No. 23-3482 |
| Petitioner - Appellant, | D.C. No. 2:23-cv-00031-RFB-DJA District of Nevada, Las Vegas |
| v. | ORDER |
| JEREMY BEAN and ATTORNEY GENERAL OF THE STATE OF NEVADA, | |
| Respondents - Appellees. | |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

This case appears to arise under 28 U.S.C. § 2254 and thus is subject to the requirements of 28 U.S.C. § 2253(c). This case is remanded to the district court for the limited purpose of granting or denying a certificate of appealability with respect to the district court's October 31, 2023 post-judgment order, at the court's earliest convenience. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If the district court chooses to issue a certificate of appealability, the court should specify the issues that meet the required showing; if the district court declines to issue a certificate, the court is requested to state its reasons. *See* 28 U.S.C. § 2253(c)(3); *Asrar*, 116 F.3d at 1270.

The Clerk will send a copy of this order to the district court.

1  Not at any time did Mr. Houston harass, threaten,
2  extort, or "aggravated stalking" any of the parties
3  involved with any of his cases, neither did he
4  act aggressively towards any other individual,
5  business or entity.   It is in fact Mr. Houston
6  who is the victim of crime, and his suffering from *BATTERED
7  PERSONS SYNDROME* is the causation-in-fact of his disjointed pleadings.

8                    CONCLUSION OF LAW

9      WHEREFORE, the Plaintiff / Petitioner - Appellant /
10  Plaintiff-in-Error, Matthew Travis Houston, should
11  be granted expeditious releif in his meritorious
12  intervention and joinder of appeal and other
13  extraordinary writs including but not limited to his
14  amended complaint(s), his supplimental complaints and
15  this[1] Motion For Injunctive Releif, that shall suffice
16  as a RENEWED/CONTINUED OPPOSITION TO THE PERJURY
17  AND CONSPIRACY OF ROSEMARIE McMORRIS-ALEXANDER ET AL
18  2) OPPOSITION TO ANY SORT OF VEXATIOUS LITIGANT ORDER
19  3) OPPOSITION TO THE STATE BAR OF NEVADA'S MOTION TO DISMISS
20  (4) MOTION TO REOPEN EJDC Case No. A-22-859815-C AND
21  the Plaintiff's ORIGINAL meritorious claim- A-17-758861-C
22          ADA DISCLAIMER IS AS FOLLOWS:

23      *Due to the fact that Mr. Houston is in fact
24  legally-blind / visually impaired, he respectfully requests
25  that this Court honor his accomodations for that of
26  coomunication via PICTURES AND/OR ILLUSTRATIONS
27  in an ellaboration of accuracy towards the manifestation
28  of justice and repairations in his BRANDEIS BRIEF:
29  Respectfully submitted 10/11/2023.  X. Matthew Travis Houston
                          REV. MATTHEW TRAVIS HOUSTON, Cntd.
                          ABA ID. No. 6466 27 84

1  EXHIBITS IN SUPPORT OF NATURE OF CLAIMED EMERGENCY

2

3      SEE "EMERGENCY MOTION FOR THE PRODUCTION

4  OF NEVADA ATTORNEY FOR INJURED WORKERS CARSON

5  CITY ADDRESS SO THAT DEFENDANT LINA SAKALAUSKAS

6  CAN BE PROPERLY SERVED"

7      Plaintiff moves the courts for the production of

8  the above titled address in response to the plaintiffs

9  attempt at SUMMONS via Civil Process Section.

10      Please see attached 'NOT FOUND AFFIDAVIT':

11          Sheriff Civil No. 2300348B

12          BWC LLV2307000047038

13

14      The questions for Our Lady Justice are:

15

16  Q.I.: Why is it that Deputy Sheriff Jamie Osburn

17  attempted to serve summons to LINA SAKALAUSKAS,

18  STATE OF NEVADA ATTORNEY FOR INJURED WORKERS,

19  at the address provided?

20

21  Q.II.: Why is it that the Deputy Sheriff was not

22  able to serve at location?

23

24  Q.III.: Why is it that the service of summons needs

25  to be sent to the Carson City address?

26

27  Q.IV.: Why has the innocent man been subjected to

28  multiple appellant deprivation claims in the Supreme Court of Nevada?

**FILED**

NOV 27 2023

*[signature]*

CLERK OF COURT

## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON                )

**PLAINTIFF**                         )         CASE No. A-23-865442-C
                            vs        )         SHERIFF CIVIL NO: 23003485
LINA SAKALAUSKAS                      )
                                      )
**DEFENDANT**                         )         **NOT FOUND AFFIDAVIT**

STATE OF NEVADA       }
                      }  ss:
COUNTY OF CLARK       }

JAMIE OSBURN, being duly sworn, deposes and says:

    That he/she is a regularly appointed, qualified Deputy Sheriff of the said County of Clark, in the State of Nevada and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process by the laws of the State of Nevada, and competent to be a witness therein; that he/she and now is a citizen of the United States of America and of the State of Nevada and that he/she received the within stated civil process: SUMMONS - CIVIL, CIVIL RIGHTS COMPLAINT BY AN INMATE on  7/3/2023 at the hour of 2:52 PM.

    That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said *LINA SAKALAUSKAS* Defendant within Clark County, Nevada.

**ATTEMPTS TO LOCATE:**

Date: 7/11/2023 @ 9:43 AM - NV ATTORNEY FOR INJURED WORKERS 2200 S RANCHO DRIVE #230

LAS VEGAS, NV 89102

Attempted By: JAMIE OSBURN

Service Type: INFORMATION

Notes: I ATTEMPTED TO SERVE SUMMONS TO LINA SAKALAUSKAS, STATE OF NEVADA

ATTORNEY FOR INJURIED WORKERS, AT THE ADDRESS PROVIDED. NOT ABLE TO SERVE AT

LOCATION. NEEDS TO BE SENT TO THE CARSON CITY OFFICE. BWC LLV230700047038

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

Dated:  July 11, 2023

Kevin McMahill, Sheriff

By: *[signature]* 11067

JAMIE OSBURN
Deputy Sheriff

A – 23 – 865442 – C
AFFT
Affidavit
5056402

*[barcode]*

RECEIVED
NOV 27 2023
CLERK OF THE COURT

**301 E. Clark Ave. #100     Las Vegas, NV 89101     (702) 455-5400**



Nevada Department of
**Public Safety**
Parole and Probation

## PRESENTENCE INVESTIGATION REPORT

**The Honorable Tierra Jones**
**Department X, Clark County**
**Eighth Judicial District Court**

**Date Report Prepared: November 2, 2021**

---

**Prosecutor:** Kristina A. Rhoades, Chief DDA                    **PSI:** 622096
**Defense Attorney:** Seth Gutierrez, DPD

## I. CASE INFORMATION

| | | | |
|---|---|---|---|
| **Defendant:** | Matthew Houston | **PCN:** | DSD1065823C |
| | aka Matthew Travis Houston | **Offense Date:** | On or Between |
| **Case:** | C-21-357927-1 | | 12-23-20 and 06-10-21 |
| **ID:** | 7035801 | **Arrest Date:** | 07-14-21 |
| **P&P Bin:** | 1004486118 | **Plea Date:** | 08-04-21, Guilty |
| | | **Sentencing Date:** | 11-29-21 |

## II. CHARGE INFORMATION

**Offense:**   Aggravated Stalking (F)
**NRS:**   200.575                    **Category:** B
**NOC:**   50333
**Penalty:**   By imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years, and may be further punished by a fine of not more than $5,000.

PRESENTENCE INVESTIGATION REPORT                                        **Page 2**
MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON
CC#: C-21-357927-1

### III. DEFENDANT INFORMATION

**Address:** Homeless                          **FBI:** 326113KC0
**City/State/Zip:** Iowa                        **SID:** NV04560415
**NV Resident:** No                            **Aliases:** Matthew T. Houston
**SSN:** 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                           **Additional SSNs:** 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
**POB:** Iowa City, Iowa                        **Additional DOBs:** 03-15-84
**Date of Birth:** 07-15-84                     **Additional POB:** None reported
**Age:** 37                                    **Alien Registration:** N/A
**Phone:** Unknown                             **US Citizen:** Yes
**Driver's License:** 2105569228               **Notification Required per NRS 630.307:** No
**State:** Nevada
**Status:** Revoked

**Identifiers:**
**Sex:** M          **Race:** W          **Height:** 5'10"        **Weight:** 170
**Hair:** Blond     **Eyes:** Blue
**Scars:** Unknown
**Tattoos (type and location):** CJIS reflects: Bird dragon on Left arm; Chinese symbol on Left wrist; Fish on Right arm; Coy fish on Right shoulder.

**Due to the fact that the defendant refused to complete the Pre-Sentence Investigation Interview, the Division is unable to provide any social history.**

### IV. CRIMINAL RECORD

Records of Federal Bureau of Investigation (FBI), National Crime Information Center (NCIC), and any other applicable sources reflect the following information:

**CONVICTIONS-    FEL:** 1              **GM:** 0                **MISD:** 9

**INCARCERATIONS-    PRISON:** 1       **JAIL:** 5

**SUPERVISION HISTORY:**

**CURRENT-  Probation Terms:** 0              **Parole Terms:** 0

**PRIOR TERMS:**

**Probation-    Revoked:** 1          **Discharged:    Honorable:** 0      **Other:** 0

**Parole-    Revoked:** 0             **Discharged:    Honorable:** 1      **Other:** 0

**PRESENTENCE INVESTIGATION REPORT**                                    **Page 3**
**MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON**
**CC#: C-21-357927-1**

## Active Arrest Warrants:

| | | | |
|---|---|---|---|
| **Warrant#:** | W284523250 | **Issued:** | 08-04-21 |
| **Jurisdiction:** | Assumption County, LA | **Charges:** | Public Peace (M) |
| **Extraditable:** | Surrounding Parishes Only | **Bail Amount:** | Unknown |

## Adult:

| Arrest Date: | Offense: | Disposition: |
|---|---|---|
| 09-08-05<br>Clinton County, IA<br>Clinton County SO | 1. Criminal Mischief, 4th Degree (M)<br>2. Drug/Narcotic Equipment Violation (M) | **07231 SRCR051662**<br>09-20-05, Convicted of Count 1 – Criminal Mischief, 4th Degree (M) and Count 2 – Drug/Narcotic equipment Violation (M). Sentenced for Count 1 to 30 days jail, 18 days suspended, 12 months unsupervised probation; for Count 2 to $100 fine. |
| 03-31-08<br>Iowa City, IA<br>Iowa City University PD | Go Armed/Knife Blade 5 to 8 (M) | **06521 SRCR082826**<br>07-07-08, Convicted of Go Armed/Knife Blade 5 to 8 (M). Sentenced to $100 fine. |
| 02-01-10<br>Seattle, WA<br>Seattle PD | 1. Interfere with Domestic Violence Reporting (M)<br>2. Property Destruction/Domestic Violence (M)<br>WA: 02-03-10 | **550302**<br>02-16-10, Convicted of Property Destruction – 1st Degree, Damage Greater Than $50 (M). Sentenced to 365 days jail, 335 days suspended. |
| 02-03-10<br>Seattle, WA<br>Seattle PD | Violate Protection Order-Non Felony (M) | **550330**<br>02-16-10: Convicted of Violation of Domestic Violence Order (M). Sentenced to 365 days jail, 345 days suspended |
| 01-25-13<br>Franklin, IN<br>Franklin PD | 1. Operating Under the Influence, Intoxicated/Controlled Substance (M)<br>Chagres Added:<br>2. Operating While Under Influence, Endangering A Person (M)<br>3. Operating A Vehicle While Intoxicated (M)<br>4. Operating A Vehicle with An Ace of .08 or More (M) | **41D03-1302-CM-000180**<br>02-11-13: Convicted of Operating A Vehicle While Intoxicated with a Breath Alcohol Content .08 (M). Sentenced to 40 days jail, 40 days CTS days jail. |

**PRESENTENCE INVESTIGATION REPORT**                                        Page  4
**MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON**
**CC#: C-21-357927-1**

| | | |
|---|---|---|
| 09-20-16<br>Las Vegas, NV<br>LVMPD | 1.  Driving Under the Influence, (1st)<br>     (M)<br>FTA: 03-31-17<br>RMD: 05-16-17; 11-10-17;<br>07-12-18; 07-31-18; 09-20-18<br>2.  Criminal Contempt (M)<br>     (4 Counts)<br>RMDR: 10-31-18 | **C-17-323614-1**<br>09-27-17, Deferred adjudication,<br>probation NTE 5 years, Defendant<br>accepted into Felony DUI Court<br>Program.<br>12-29-17, Probation violation.<br>10-31-18, Defendant terminated from<br>Felony DUI Court Program.<br>01-10-19, Probation revoked,<br>Convicted of Driving and/or Being in<br>Actual Physical Control of A Motor<br>Vehicle While Under the Influence of<br>An Intoxicating Liquor or Alcohol<br>(F). Sentenced to $2,000 fine, 12 to<br>48 months, NDOC, 284 days CTS.<br>09-23-19, Paroled.<br>07-20-20, Honorable Discharge. |
| 04-19-21<br>Las Vegas, NV<br>Not Arrested | Threatening Phone Call (M) | **C1248384A**<br>08-09-21, Convicted of Threatening<br>Phone Call (M). Sentenced to 60<br>days jail, suspended 1 year, SOOT;<br>Consecutive to C1237802A. |
| 07-14-21<br>Las Vegas, NV<br>LVMPD | WA:<br>1.  Make Threat/False Information<br>     Regarding Act of<br>     Terrorism/Weapons of Mass<br>     Destruction (F)<br>RMD: 08-13-21<br>2.  Aggravated Stalking (F) | **Instant Offense, C-21-357927-1** |
| 07-16-21<br>Las Vegas, NV<br>LVMPD | 1.  Aggravated Stalking (F)<br>Charge Added: 07-20-21<br>2.  Extortion by Threat (F) | **21-CR-033713**<br>Case to be dismissed per negotiations<br>in the instant offense. |
| 08-05-21<br>Las Vegas, NV<br>LV DPS | WA: Harassment, (1st) (M) | **C1237802A**<br>08-09-21, Convicted of Harassment<br>(M). Sentenced to 179 days jail,<br>suspended 1 year, SOOT, $203 fine,<br>10 days jail, 5 days CTS. impulse<br>control counseling. |

**The defendant has also been convicted in Iowa of the following misdemeanor offense:** Public Intoxication
(2014) Fine.

**PRESENTENCE INVESTIGATION REPORT**                                            Page 5
**MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON**
**CC#: C-21-357927-1**

**Additionally, the defendant was arrested, detained, or cited in Indiana, Louisiana, Nevada between October 30, 2011, and July 16, 2021, for the following offenses for which no disposition is noted, prosecution was not pursued, or charges were dismissed: Indiana:** Battery; Domestic Battery; **Iowa:** Operating While Under the Influence 1; **Louisiana:** Operating A Vehicle While Intoxicated; Reckless Operation of A Vehicle; Failure to Appear; Direct Contempt of Court (2); FTA: Fugitive; Disturbing the Peace; Simple Assault. Additionally, the defendant's criminal history consists of several instances of failure to appear, failure to comply, and/or failure to pay traffic citations.

**Supplemental Information: Protection Order:** The defendant is the adverse party of a protection order served through the Las Vegas Justice Court on October 28, 2021, that is in effect until October 28, 2022. The protected person is the victim in instant offense.

**Institutional/Supervision Adjustment:** C-17-323614-1: While serving this probation grant and participating in the Felony DUI Court Program, the defendant missed 21 urine analysis, had been uncompliant with orders to remain in a sober living facility, and had tested positive six times for an unapproved substance. He was subsequently terminated from the Felony DUI Court Program as a result of his continued non-compliance in the program. It should be noted that there were also times while in the program, that the defendant was said to be in perfect compliance and did submit multiple negative urine analysis as well. When the defendant was released on parole, he was granted an instate compact to Iowa. He failed to consistently pay supervision fees and Court costs and failed to supply proof of employment; however, to his credit, the defendant did complete a substance abuse evaluation, and had continued contact with the supervising officer. On July 20, 2020, the defendant was Honorably Discharged from probation.

## V. OFFENSE SYNOPSIS

Records provided by the Las Vegas Metropolitan Police Department and the Clark County District Attorney's Office reflect that the instant offense occurred substantially as follows:

A detective of LVMPD was assigned to investigate the offense of Threat/False Info Regarding Acts of Terrorism, which said investigation developed the defendant, Matthew Houston aka Matthew Travis Houston, as the perpetrator thereof.

On December 23, 2020, Mr. Houston left a voicemail at the Office for Consumer Health Assistance. When victim 1 returned his call, Mr. Houston stated he had a case in the Supreme Court and said he was being harassed by an individual. Victim 1 attempted to explain the process to help Mr. Houston and point him in the right direction. However, Mr. Houston became angry and began yelling and said he should be afforded all the benefits due to him instead of being harassed by the government. He then said that no one should be surprised if/when he goes on a mass shooting rampage like the one committed on October 1st. Victim 1 felt scared that Mr. Houston would carry out the threats he had expressed.

The detective later found out that on July 23, 2020, Mr. Houston had phoned victim 2, who was employed by his insurer. Mr. Houston threatened to murder everyone at Sedgwick and their families, and to "eat their hearts." On March 16, 2021, victim 3, who is an employee at the Department of Administration Hearings Division, advised Capitol Police that Mr. Houston had also made threats on their voicemail line. Mr. Houston stated that he "Needed immediate assistance because [he] was going to fucking murder every fucking employee at Mandalay Bay, MGM, and everyone in the State of Nevada if [you] fucking people don't give me my fucking money." Contact was then made with an officer of Iowa Police Department. He stated that Mr. Houston had been responsible for (21) calls for service in Iowa City and that he was mentally unstable.

PRESENTENCE INVESTIGATION REPORT                                              Page 6
MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON
CC#: C-21-357927-1

A warrant of arrest was issued for Mr. Houston; and on July 14, 2021, he was arrested, transported to the Clark County Detention Center, and booked accordingly.

**Co-Defendant/Offender Information:** N/A

## VI. DEFENDANT'S STATEMENT

☐ See Attached   ☐ Defendant interviewed, no statement submitted   ☒ Defendant not interviewed

## VII. VICTIM INFORMATION/STATEMENT

Attempts were made to contact the victims (VC2282194; VC2282195) in order to obtain a Victim Impact Statement and restitution claim; to date, no response has been received by the Division. If the requested information is received after this report has been submitted, it will be provided to the Court. No contact information was able to be ascertained for the third victim (VC2282512).

## VIII. CUSTODY STATUS/CREDIT FOR TIME SERVED

**Custody Status:** In Custody, CCDC

**CTS:** 132 DAYS: 07-14-21 to 08-05-21 (CCDC) 23 Days
            RMD: 08-13-21 to 11-29-21 (CCDC) 109 Days

## IX. PLEA NEGOTIATIONS

The State has no opposition to probation for a twenty-four (24) month period. The parties stipulate to recommend a two (2) to five (5) year suspended sentence. Parties agree Defendant will receive a mental health evaluation and any treatment as a condition of probation, and retain the right to argue any other terms and conditions. The State will not oppose dismissal of Case No. 21CR033713 after rendition of sentence. Defendant is to stay away and have no contact with the named victims. Defendant is to also stay away victims' address. The State will not oppose Defendant's own recognizance release with low-level electronic monitoring after entry of plea with all of the above stated no contact and stay away orders. If the Defendant successfully completes probation and receives an honorable discharge, he may withdraw his plea and plead guilty to AGGRAVATED STALKING (Gross Misdemeanor – NRS 200.575(1), waiving any defects in that pleading, with credit for time served.

Defendant agrees and understands that he is ineligible for the reduction in his sentence if one or more of the following events occur:

1. Defendant fails to interview for the presentence investigation;
2. Defendant fails to make subsequent court appearance;
3. An independent magistrate, by affidavit or declaration review, confirms probable cause against the Defendant for new criminal charges including reckless driving or DUI, but excluding minor traffic violations;
4. Defendant fails to pay restitution in full; or
5. Defendant has been found by the Court to be in violation of his probation, regardless of whether the Defendant is revoked or not.

PRESENCE INVESTIGATION REPORT                                    Page 7
MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON
CC#: C-21-357927-1

## X. FEES AND NEVADA REVISED STATUTE REQUIREMENTS

Administrative Assessment: $25.00      Chemical/Drug Analysis: N/A      DNA: Taken 03-31-17
DNA Admin Assessment: $3.00            Attorney Fee: N/A
Domestic Violence Fee: N/A             Extradition: N/A                 Psychosexual Fee: N/A
Mandatory Fine: N/A                    Mandatory Prison/Probation: N/A

☒ Pursuant to NRS 239B.030, the undersigned hereby affirms this document contains the social security number of a person as required by NRS 176.145.

☐ Pursuant to NRS 239B.030, the undersigned hereby affirms this document does not contain the social security number of any person.

Pursuant to NRS 176.156 (1)(b), the Division shall afford an opportunity to each party to object to factual errors in the presentence investigation report. Any perceived factual errors should be immediately reported, in writing, to defense counsel, the prosecuting attorney, and the Division of Parole and Probation. The Court may order the Division to correct the contents of the report following sentencing if, within 180 days after the date on which the judgement of conviction was entered, the prosecuting attorney and the defendant stipulate to correcting the contents of the report. This presentence investigation report may be considered during future proceedings, including those held by the Nevada Board of Parole Commissioners, in accordance with NRS 176.156 (2),(3), and (4).

The information used in the Presentence Investigation Report may be utilized and reviewed by federal, state, and/or local agencies for the purpose of prison classification, program eligibility, and parole consideration.

Should the court consider granting probation pursuant to a program of intensive supervision pursuant to NRS 176A.440, the Division requests the court to consider the following factors in making that determination:
- Intensive supervision with electronic monitoring may only be utilized if the defendant is capable of paying the daily fee for the electronic monitoring.

  o The monitoring fee ranges from $9.00 to $18.50 per day depending on factors such as alcohol monitoring, GPS, or radio frequency versus cellular connectivity.
  o This fee is payable from the defendant directly to the electronic monitoring vendor.
- Placement of the defendant on a term of intensive supervision may conflict with the level of supervision established by the risk assessment required under NRS 213.1078, which states:

  o Section 7: *"Upon finding that a term or condition of probation ordered pursuant to subsection 1 of NRS 176A.400 or the level of supervision set pursuant to this section does not align with the results of a risk and needs assessment administered pursuant to section 1 or 2, the supervising officer shall seek a modification of the terms and conditions from the court pursuant to subsection 1 of NRS 176A.450".*

**PRESENTENCE INVESTIGATION REPORT**                                        **Page 8**
**MATTHEW HOUSTON AKA MATTHEW TRAVIS HOUSTON**
**CC#: C-21-357927-1**

In accordance with current Interstate Commission for Adult Offender Supervision rules and requirements, all felony convictions and certain [gross] misdemeanants are offense eligible for compact consideration. Due to Interstate Compact standards, this conviction may or may not be offense eligible for courtesy supervision in the defendant's state of residence. If not offense eligible, the Division may still authorize the offender to relocate to their home state and report by mail until the term of probation is complete and/or the case has been completely resolved.

Respectfully Submitted,

Tom Lawson, Chief

Report prepared by: T. Causey
DPS Parole and Probation, Specialist III
sccourtservices@dps.state.nv.us

Approved by:

**Ladrea LaBranche** Digitally signed by Ladrea LaBranche
Date: 2021.11.08 10:51:58 -08'00'

Ladrea LaBranche, DPS Parole and Probation Supervisor
Southern Command, Las Vegas
sccourtservices@dps.state.nv.us

Electronically Filed
01/08/2024 1:21 PM

CLERK OF THE COURT

1    ORDR

2

3                              **DISTRICT COURT**

4                          **CLARK COUNTY, NEVADA**

5                                    * * * *

6

7    MATTHEW HOUSTON #7035801              CASE NO. A-22-853203-W

                       Plaintiff,          DEPARTMENT XVII
8
     vs.
9
     CALVIN JOHNSON
10                          Defendant.

11

12                                    **ORDER**

13          This matter having come before the Court January 8, 2024 on Mr. Houston's motion to

14   obtain a copy of his Pre-Sentence Investigation Report.

15          That motion is hereby GRANTED and the Court will send him a copy of his Pre-Sentence

16   Investigation Report.

17          The Court then advanced Mr. Houston's several petitioners to establish factual innocence.

18   "'Actual innocence' means factual innocence and not mere legal insufficiency." Mitchtell v. State,

19   122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (internal citations omitted). "To be a credible

20

21   claim must be based on reliable evidence not presented at trial." Calderon v. Thompson, 533 U.S.

22   538, 559 (1998) (internal citations omitted). "And, to determine actual innocence of the underlying

23   crime, the petitioner must show it is more likely than not that no reasonable juror would have

24   convicted him in light of the new evidence presented in his habeas petition." Id.

25          In this case Mr. Houston has not provided any sort of reliable evidence to demonstrate actual

26   innocence. He freely and voluntarily entered his guilty plea before Judge Villani on August 4, 2021.

27

28   Following his plea he was released from custody with the condition that he have no contact with

JENNIFER L. G. SCHWARTZ
DISTRICT JUDGE
DEPARTMENT XVII

either of the named victims. Following his plea the State filed a motion to remand based upon his

violation of the no contact order. Mr. Houston failed to appear at the scheduled hearing so a no bail

bench warrant was issued. Mr. Houston was ultimately arrested and failed to contest that he

attempted to make contact with the named victim.

Mr. Houston had requested that his guilty plea be withdrawn however Mr. Houston did

withdraw his request and asked that the Court proceed with sentencing. At the time of sentencing

the State of Nevada played a voicemail wherein Mr. Houston called one of the named victims and in

the angriest tone coupled with extreme foul language demonstrated he will not abide by the Court's

order to have no contact.   When the voicemail was played there was no contention that Houston did

not leave that message.   As such, there has been no showing that a jury would acquit Mr. Houston.

All future Petitions to establish factual innocence are hereby vacated.

Dated this 8th day of January, 2024

**FE7 5A7 8FA7 0A49**
**Jennifer Schwartz**
**District Court Judge**

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Matthew Houston, Plaintiff(s)          CASE NO: A-22-853203-W

vs.                                    DEPT. NO. Department 17

Calvin Johnson, Defendant(s)

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 1/8/2024

Alexis Duecker            alexis@amdlawlv.com

Clark County DA           pdmotions@clarkcountyda.com

Department XVII           Dept17LC@clarkcountycourts.us

Electronically Filed
7/24/2017 4:20 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Scott L. Poisson, Esq.
Nevada Bar No. 10188
Christopher D. Burk, Esq.
Nevada Bar No. 8976
**BERNSTEIN & POISSON**
320 S. Jones Blvd
Las Vegas, NV 89107
Telephone: (702) 256-4566
Facsimile: (702) 256-6280
Email: chris@vegashurt.com
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MATTHEW HOUSTON,

     Plaintiff,

vs.

Mandalay bay Corp dba Mandalay Bay
Resort & Casino, and DOES 1 through 100;
And ROE CORPORATIONS 101 through
200

     Defendant.

**CASE NO.:**   A-17-758861-C
**DEPT. NO.:**

    Department 17

**COMPLAINT**

  Plaintiff, by and through the attorney of record, SCOTT POISSON, ESQ. of the law offices of **BERNSTEIN & POISSON**, hereby files this Complaint and alleges against the above-named Defendants, and each of them, as follows:

**GENERAL ALLEGATIONS**

1. At all times material herein, Plaintiff was and is a resident of Clark County, Nevada.

2. At all times material herein, Defendant owns and operates a grocery/department store by virtue of the laws of the State of Nevada and is property owner of said business located at 3950 Las Vegas Blvd. South Las Vegas, Nevada, 89119

3. The subject incident occurred in Clark County, Nevada on September 30, 2016.

4. Upon information and belief, at all times material herein, Doe and Roe

Page 1 of 4

Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

Defendants 101 through 200 were legal entities/residents of Clark County, Nevada, and authorized to do business by the State of Nevada. Furthermore, said Doe and Roe Defendants were employees, agents, or servants of Defendants, and each of them, and functioned and assisted in the operation, control and/or management of said premises.

5. The true names and capacities, whether individual, corporate, limited liability company; partnership; or otherwise of Defendants DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. On information and belief, Plaintiff alleges that the Defendants, and each of them, designated herein as a DOE INDIVIDUALS or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiff, on or about September 30, 2016 resulting from the below stated incident; and further that certain, without limitation, employees employed and/or engaged by said Defendants; or other patrons of said business; knew of or should have known of or caused a dangerous condition on the Defendant's property resulting in Plaintiff's personal injury herein; and are therefore liable for all damages due to Plaintiff as alleged herein. Plaintiff will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action. DOE DEFENDANT 1 is the unknown legal name for this property. DOE DEFENDANT 2 is the unknown contractor or entity hired or contracted by Defendant to provide a safety net and/or other safety protocols to prevent such injury.

7. Upon information and belief, on or about September 30, 2016, Plaintiff was lawfully on the Defendants' premises.

8. Upon information and belief, while lawfully on said premises and location, Defendants had a duty to inspect, maintain, supervise, provide safety nets, safety protocol on said premises in a reasonably safe and suitable condition for its patrons, guests, invitees and others; and further to take any and all reasonable precautions to avoid/remove the presence of dangerous conditions on said premises, to obey all safety rules and safety protocol, provide safety nets and obey all safety standards regarding safety. Defendant breached these duties of care to Plaintiff.

10. These breach of duties on September 30, 2016 proximately caused injury and damages to Plaintiff.

11. Upon information and belief, Defendants employed maintenance personnel, management, safety personnel and other supervisory/security personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining the premises in a reasonably

Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

safe and suitable condition all under said Defendant's authority and control. Defendant failed to do this and breached their duty.

12.    Upon information and belief, at said time and place, Defendant's employees, despite having actual notice and/or constructive notice, that a dangerous condition existed on its premises; failed to provide proper safety nets, failed to follow safety protocol, filed to follow safety standards over which said Defendant had control and authority, resulting in Plaintiff's injuries in a fall, all in breach of its duty of due care herein, including said business's duty to maintain said area free of unreasonably dangerous conditions as property owner.

13.    Said Defendants failure to warn Plaintiff of the dangerous condition, and through exercise of reasonable diligence under the circumstances that which could have been discovered, and further failure to hire and adequately train suitable and fit employees to maintain said property in a safe and suitable manner has directly and proximately resulted in Plaintiff's personal injury and damages in excess of $15,000.

14.    As a direct and proximate result of said negligence, failure to warn, negligent hiring, negligent training of employees, negligent supervision of employees, violation of safety rules, violation of safety protocol and/or reckless conduct herein, as the case may be, Plaintiff has suffered past/present/future personal injury, medical bills, general damages and economic damages in an amount in excess of $15,000 subject to proof at trial.

15.    In addition to their direct liability, Defendants were and are vicariously liable for the negligent acts and/or omissions of its staff, agents, apparent agents, servants, or employees in the scope of employment herein; or such independent contractors within said Defendants control which in any manner caused or contributed to Plaintiff's injuries herein.

**WHEREFORE,** Plaintiff expressly reserving the right to amend this complaint at the time of, or prior to trial,

1.    For General, Special Damages prays for judgment against the Defendants, for Plaintiff in a sum in excess of $15,000.00;

2.    For Attorney's Fees and Costs of suit incurred herein;

3.    For interest at the statutory rate;

///
///
///

Bernstein & Poisson
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

1    4.        For such other relief as this Court deems appropriate.

2    Dated this ___ day of July, 2017.

3

4                                    BERNSTEIN & POISSON

5

6                                    CHRISTOPHER D. BURK, ESQ.

7                                    Nevada Bar No.: 8976
                                     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Bernstein & Poisson**
320 S. Jones Blvd.
Las Vegas, Nevada 89107
OFFICE: (702) 256-4566 FAX: (702) 256-6280

## IN THE CLARK COUNTY DISTRICT OF THE STATE OF NEVADA

Matthew Travis Houston #1210652          )
PLAINTIFF                                )
                                         )        Dated:  12/7/2023
                                         )
                      Vs                 )        Civil File Number:  23006420
Governor Joseph M. Lombardo; Encore Event )
Technologies d/b/a Encore Event Services "aka" )   CASE No.:  A23865442C
Encore Productions dba Freeman Companies dba )
Old Republic Insurance Company            )
DEFENDANT                                

### <u>DECLARATION OF NON-SERVICE</u>

**STATE OF NEVADA**           }
                              }  ss:
**CARSON CITY**               }

    **Jakob Dzyak,** being first duly sworn, deposes and says:  That affiant is a citizen of the United States. is over 18 years of age, not a party to the within entered action, and that in Carson City, Nevada, that he/she received the within stated civil process.

    The Carson City Sheriff's Office was unable to serve upon the said, Governor Joseph Lombardo.

**Attempts of Service:**

| Date: | 12/6/2023 | Time: | 10:35 AM |
|-------|-----------|-------|----------|
| Service Note: | REJECTED/SEE RECEIPT | | |

DOCUMENTS:  Summons - Civil & Civil Rights Complaint

I declare under penalty of perjury under the law provided of the State of Nevada that the foregoing is true and correct.  No notary is required per NRS 53.045.

                        **Ken Furlong, SHERIFF**

                       By:  Jakob Dzyak  Badge # 9685
                         Sheriff's Authorized Agent

Clark County District
Las Vegas, NV

RECEIVED
JAN 1 6 2024
CLERK OF THE COURT

**911 E. MUSSER STREET, CARSON CITY, NV 89701 (775) 887-2500**



**AARON D. FORD**
*Attorney General*

**CRAIG A. NEWBY**
*First Assistant Attorney General*

**CHRISTINE JONES BRADY**
*Second Assistant Attorney General*

**TERESA BENITEZ-THOMPSON**
*Chief of Staff*

**LESLIE NINO PIRO**
*General Counsel*

**HEIDI PARRY STERN**
*Solicitor General*

## STATE OF NEVADA
### OFFICE OF THE ATTORNEY GENERAL
100 North Carson Street
Carson City, Nevada 89701

### REJECTION NOTICE
(Service of Process)

DATE RECEIVED: 12/6/23   10:49a

NAME OF ENTITY/PERSON SERVING: Jake/Carson City Sheriff's Office

CASE NAME:
Matthew Travis Houston v. Governor Joseph Lombardo; Encore Event Technologies d/b/a Encore Event Services AKA Encore Productions DBA Freeman Akta Companies DBA Old Republic Insurance Company

CASE NUMBER: A·23·865442·C   COURT: 8th Jud. Dist. Ct.
                w/ A·22·758861·C
DOCUMENT(S) RECEIVED:
Summons (listed Defendants)); Complaint; Exhibits; Order to Proceed in Forma Pauperis

**REASON FOR REJECTION:**
Time Limit for Service has lapsed, NRCP 4(e)(1)

**REJECTED BY:**
Caitlin Pagni, Legal Researcher
(NAME AND TITLE OF PERSON REJECTING)

Case Number: 23-865442-C

Sheriff's Civil File

# SERVICE INSTRUCTIONS

MATTHEW TRAVIS HOUSTON

Plaintiff . . . .

—vs—

JOSHEPH M. LOMBARDO & dba
I.A.T.S.E. LOCAL 720 ET AL

Defendant . . . .

Type of paper(s) to be served: SUMMONS — COMPLAINT

Serve: ~~IATSE Local No. 720 - Apple Thorne~~
Governor Joe Lombardo ~~3000 S. Valley View~~ 101 North Carson Street Carson City, NV 89701
State Capitol Building ~~Las Vegas, NV 89102~~ - p: ~~(702) 873-3450~~
775-684-5670

Serve By: September 30, 2028        By: _Matthew Travis Houston_ (Signature)
         (Date)

Matthew Travis Houston
**Attorney or Litigant**

| PHONES |
|--------|
| 610-762-4143 |
| 714-916-7431 |
| 646-825-0707 |
| 563-777-0148 |
| 563-221-1157 |

Address: NDOC # 1210652-HDSP
22010 Cold Creek Road
Indian Springs, NV 89070-0650

DEPUTY'S COMMENTS AND/OR ACTIONS (Include dates, times and mileage.)

S-80 (B) Revised 11/89        **Use Reverse Side For Continuation Of Comments**

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )    CASE No. A-22-859817-C
Vs )    SHERIFF CIVIL NO.: 23005709
BERNSTEIN & POISSON, LLP )
)
**DEFENDANT** )    **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA** }
} **ss:**
**COUNTY OF CLARK** }

  **ISRAEL CRUZ CAMACHO**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **11/6/2023**, at the hour of **2:00 PM**, affiant as such Deputy Sheriff subserved a copy/copies of **SUBPOENA - CIVIL / DUCES TECUM** issued in the above entitled action upon the defendant **BERNSTEIN & POISSON** named therein, by delivering to and leaving with said defendant **OFFICE CLERK AMANDA**, personally, at **LEWIS BRISBOIS BISGAARD & SMITH 2300 W SAHARA AVENUE #900 LAS VEGAS, NV 89102** within the County of Clark, State of Nevada, copy/copies of **SUBPOENA - CIVIL / DUCES TECUM**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  November 7, 2023.**

Kevin McMahill, Sheriff

By: _____ 18310
 ISRAEL CRUZ CAMACHO
 Deputy Sheriff

RECEIVED
JAN 1 6 2024
CLERK OF THE COURT

**301 E. Clark Ave. #100      Las Vegas, NV 89101      (702) 455-5400**

**FILED**

JAN 1 6 2024

*[signature]*

**CLERK OF COURT**

### OFFICE OF THE SHERIFF
### CLARK COUNTY DETENTION
### CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )      CASE No. A-22-858580-C
vs )      SHERIFF CIVIL NO: 23005724
KRISTINA A RHOADES ET AL )
)
**DEFENDANT** )      **NOT FOUND AFFIDAVIT**

STATE OF NEVADA }
} ss:
COUNTY OF CLARK }

ISRAEL CRUZ CAMACHO, being duly sworn, deposes and says:

That he/she is a regularly appointed, qualified Deputy Sheriff of the said County of Clark, in the State of Nevada and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process by the laws of the State of Nevada, and competent to be a witness therein; that he/she and now is a citizen of the United States of America and of the State of Nevada and that he/she received the within stated civil process: SUMMONS - CIVIL, JURY TRIAL DEMANDED on 10/31/2023 at the hour of 9:34 AM.

That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said **KRISTINA A RHOADES** Defendant within Clark County, Nevada.

**ATTEMPTS TO LOCATE:**

**Date: 11/6/2023 @ 3:00 PM - OFFICE OF THE DISTRICT 200 LEWIS AVENUE LAS VEGAS, NV 89101**

Attempted By: **ISRAEL CRUZ CAMACHO**

Service Type: **UNABLE TO LOCATE**

Notes: BWC 018892

**SUBJECT DOES NOT WORK HERE.**

A-22-858580-C
NFA
Not Found Affidavit
6082466

*[barcode]*

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

Dated: **November 7, 2023**

Kevin McMahill, Sheriff

By:   18310

ISRAEL CRUZ CAMACHO
Deputy Sheriff

CLERK OF THE COURT

RECEIVED
JAN 1 6 2024

**301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400**

NEWLY DISCOVERED EVIDENCE
RECEIVED NOVEMBER 14TH, 2023:

749

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
SHERIFF'S CIVIL BUREAU
301 E CLARK AVENUE, SUITE 100
LAS VEGAS, NV 89101

MATTHEW TRAVIS HOUSTON
HIGH DESERT STATE PRISON
PO BOX 650
INMATE# 1210652
INDIAN SPRINGS, NV 89070

149    JRDFMMP 89070

American Bar Association Member
ABA ID No. 041663784

3762

**Matthew Houston #1210652**
**PO Box 650**
**Indian Spring, NV 89070**

@Court

CS# 2401546

Court Administration
cc- Law clerks +
Steven D. Grierson
200 Lewis Ave.,
Los Vegas, NV
89155

RECEIVED

JAN 16 2024

CLERK OF THE COURT

US POSTAGE
$006.50

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
### CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )

**PLAINTIFF** )

Vs )

RONALD JAMES EVANS DBA DREW )
CHRISTENSEN DBA ALEXIS M DUECKER ET )
AL )
**DEFENDANT** )

CASE No. A-23-875418-C
SHERIFF CIVIL NO.: 23005594

**AFFIDAVIT OF SERVICE**

**STATE OF NEVADA** }
} **ss:**
**COUNTY OF CLARK** }

    **ISRAEL CRUZ CAMACHO**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **11/6/2023**, at the hour of **3:00 PM**. affiant as such Deputy Sheriff served a copy/copies of **SUMMONS-CIVIL AND COMPLAINT** issued in the above entitled action upon the defendant **RONALD JAMES EVANS** named therein, by delivering to and leaving with CAROL ON BEHALF OF said defendant **RONALD JAMES EVANS**, personally, at **CLARK COUNTY OFFICE OF THE DISTRICT ATTORNEY 200 LEWIS AVENUE LAS VEGAS, NV 89155** within the County of Clark, State of Nevada, copy/copies of **SUMMONS-CIVIL AND COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: November 6, 2023**.

Kevin McMahill, Sheriff

By: ISRAEL CRUZ CAMACHO P# 18310
Deputy Sheriff

RECEIVED
JAN 16 2024
CLERK OF THE COURT

**301 E. Clark Ave. #100     Las Vegas, NV 89101     (702) 455-5400**

NEWLY DISCOVERED EVIDENCE NOVEMBER 21st, 2023:

OBTAINED / RECEIVED

LVMPD CIVIL PROCESS SECTION
301 E CLARK AVE
SUITE 100
LAS VEGAS, NV 89101

MATTHEW TRAVIS HOUSTON
HIGH DESERT STATE PRISON
PO BOX 650
INMATE# 1210652
INDIAN SPRINGS, NV 89070

JRDFNMP 89070

149

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
### CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON        )
                                          )

**PLAINTIFF**                        )      CASE No. A-23-875418-C
             Vs                   )      SHERIFF CIVIL NO.: 23005718
ALEXIS M DUECKER ESQ ET AL    )
                                          )

**DEFENDANT**                       )      **AFFIDAVIT OF SERVICE**

| | |
|---|---|
| **STATE OF NEVADA**    } | |
|                    } | **ss:** |
| **COUNTY OF CLARK**   } | |

       **ROBERT WYANT**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **11/1/2023**, at the hour of **11:50 AM**. affiant as such Deputy Sheriff served a copy/copies of **SUMMONS - CILVIL, COMPLAINT PURSUANT TO RULE 12(B)(5) RULES OF CIVIL PROCEDURE IN ACCORDANCE WITH EDCR** issued in the above entitled action upon the defendant **ALEXIS M DUECKER ESQ NV BAR #15212** named therein, by delivering to and leaving with said defendant **FRONT DESK, JENNIFER D.**, personally, at **AMD LAW PLLC / SOFOS / SOS CHARTERED 340 E WARM SPRINGS ROAD SUITE 110 LAS VEGAS, NV 89119** within the County of Clark, State of Nevada, copy/copies of **SUMMONS - CILVIL, COMPLAINT PURSUANT TO RULE 12(B)(5) RULES OF CIVIL PROCEDURE IN ACCORDANCE WITH EDCR**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: November 2, 2023**.

                                     Kevin McMahill, Sheriff

                                By: _____ 4347
                                ROBERT WYANT
                                Deputy Sheriff

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
SHERIFF'S CIVIL BUREAU
301 E CLARK AVENUE, SUITE 100
LAS VEGAS., NV 89101

PVL

149    JRDFNMP 89070

MATTHEW TRAVIS HOUSTON
HIGH DESERT STATE PRISON
PO BOX 650
INMATE# 1210652
INDIAN SPRINGS, NV 89070

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
### CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON                )
                                      )
**PLAINTIFF**                         )        CASE No. A-22-859817-C
              Vs                      )        SHERIFF CIVIL NO.: 23005589
RYAN KERBOW DBA BERNSTEIN & POISSON   )
DBA BERNSTEIN & POISSON, LLP DBA      )
BERNSTEIN & POISSON, LLC              )
**DEFENDANT**                         )        **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**        }
                           }  ss:
**COUNTY OF CLARK**        }

    **ALAN GHASSERANI**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **10/24/2023**, at the hour of **2:50 PM**, affiant as such Deputy Sheriff served a copy/copies of **SUMMONS-CIVIL AND CIVIL RIGHTS COMPLAINT** issued in the above entitled action upon the defendant **RYAN KERBOW** named therein, by delivering to and leaving with THE OFFICE MANAGER, SABINA D, ON BEHALF OF said defendant **RYAN KERBOW**, personally, at **320 S JONES BOULEVARD LAS VEGAS, NV 89107** within the County of Clark, State of Nevada, copy/copies of  **SUMMONS-CIVIL AND CIVIL RIGHTS COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  October 26, 2023**.

Kevin McMahill, Sheriff

By: _____
ALAN GHASSERANI P# 18064
Deputy Sheriff

RECEIVED
JAN 1 6 2024
CLERK OF THE COURT

**301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400**

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )          CASE No. A-22-859817-C
Vs )                     SHERIFF CIVIL NO.: 23005591
KELSEY BERNSTEIN DBA JACK BERNSTEIN )
DBA BERNSTEIN & POISSON DBA )
BERNSTEIN & POISSON, LLP DBA BERNSTEIN
& POISSON, LLC
**DEFENDANT** )           **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**      }
                         }  **ss:**
**COUNTY OF CLARK**      }

    **ALAN GHASSERANI**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **10/24/2023**, at the hour of **2:50 PM**. affiant as such Deputy Sheriff served a copy/copies of **SUMMONS-CIVIL AND CIVIL RIGHTS COMPLAINT** issued in the above entitled action upon the defendant **KELSEY BERNSTEIN** named therein, by delivering to and leaving with THE OFFICE MANAGER, SABINA D, ON BEHALF OF said defendant **KELSEY BERNSTEIN**, personally, at **320 S JONES BOULEVARD LAS VEGAS, NV 89107** within the County of Clark, State of Nevada, copy/copies of **SUMMONS-CIVIL AND CIVIL RIGHTS COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  October 26, 2023**.

Kevin McMahill, Sheriff

By: _____ 18064
ALAN GHASSERANI P# 18064
Deputy Sheriff

**301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400**

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )
Vs )       CASE No. A-22-862155-C
STEVEN B WOLFSON, KAREN MISHLER, )       SHERIFF CIVIL NO.: 23003200
STATE BAR OF NEVADA ET AL )
**DEFENDANT** )       **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**      }
                        } ss:
**COUNTY OF CLARK**      }

    **ISRAEL CRUZ CAMACHO**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **6/26/2023**, at the hour of **9:05 AM**. affiant as such Deputy Sheriff served a copy/copies of **SUMMONS - CIVIL, EMERGENCY MOTION TO ADD DEFENDANT KARENT MISHLER AND SUPPLIMENTAL COMPLAINT PURSUANT TO NRS IN RE LEGAL MALPRACTICE AND TORT LAW UNDER NRS 7.285 AND 41.0322** issued in the above entitled action upon the defendant **STATE BAR OF NEVADA** named therein, by delivering to and leaving with said defendant **STATE BAR OF NEVADA – VANESSA DAWTSON**, personally, at **3100 W CHARLESTON BOULEVARD #100 LAS VEGAS, NV 89102** within the County of Clark, State of Nevada, copy/copies of **SUMMONS - CIVIL, EMERGENCY MOTION TO ADD DEFENDANT KARENT MISHLER AND SUPPLIMENTAL COMPLAINT PURSUANT TO NRS IN RE LEGAL MALPRACTICE AND TORT LAW UNDER NRS 7.285 AND 41.0322**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: June 27, 2023.**

Kevin McMahill, Sheriff

By: _____  18310
    ISRAEL CRUZ CAMACHO
    Deputy Sheriff

RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )

**PLAINTIFF** )  
              Vs )  
ROSEMARIE MCMORRIS-ALEXANDER )

**DEFENDANT** )

   CASE No. A-23-865442-C  
   SHERIFF CIVIL NO.: 23002513

**AFFIDAVIT OF SERVICE**

**STATE OF NEVADA** }  
           } ss:  
**COUNTY OF CLARK** }

    **JAMIE OSBURN**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **5/25/2023**, at the hour of **9:23 AM**. affiant as such Deputy Sheriff served a copy/copies of **SUMMONS - CIVIL, CIVIL RIGHT COMPLAINT BY AN INMATE** issued in the above entitled action upon the defendant **ROSEMARIE MCMORRIS-ALEXANDER** named therein, by delivering to and leaving with **JULIE ROSKELLET, RECEPTIONIST**, personally, at **2300 W SAHARA AVENUE LAS VEGAS, NV 89102** within the County of Clark, State of Nevada, copy/copies of **SUMMONS - CIVIL, CIVIL RIGHT COMPLAINT BY AN INMATE**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:** May 30, 2023.

                        Kevin McMahill, Sheriff

                        By: _Jamie Osburn 18067_  
                        JAMIE OSBURN  
                        Deputy Sheriff



RECEIVED  
JAN 09 2024  
ELIZABETH BROWN  
CLERK OF SUPREME COURT  
DEPUTY CLERK

301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )    CASE No. A-22-859815-C
        Vs )    SHERIFF CIVIL NO.: 23002102
DIANNE FERRANTE, et. al, SEDWICK CMS )
)
**DEFENDANT** )    <u>**AFFIDAVIT OF SERVICE**</u>

**STATE OF NEVADA** }
} ss:
**COUNTY OF CLARK** }

    **KEVIN PLOENSE**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **4/25/2023**, at the hour of **11:21 AM**, affiant as such Deputy Constable served a copy/copies of **SUMMONS-CIVIL, COMPLAINT "HEARING REQUESTED"** issued in the above entitled action upon the defendant **DIANNE FERRANTE** named therein, by delivering to and leaving with said defendant **DIANNE FERRANTE**, personally, at **9930 W CHEYENNE AVENUE LAS VEGAS, NV 89129** within the County of Clark, State of Nevada, copy/copies of **SUMMONS-CIVIL, COMPLAINT "HEARING REQUESTED"**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 26, 2023.**

                              Kevin McMahill, Sheriff

                  By: _____ 15526
                    KEVIN PLOENSE    P#15526
                    Deputy Constable



RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )          CASE No. A-22-859815-C
            Vs           )          SHERIFF CIVIL NO.: 23002103
SEDGWICK CMS, DIANNE FERRANTE, et. al, )
)
**DEFENDANT** )          <u>**AFFIDAVIT OF SERVICE**</u>

**STATE OF NEVADA**     }
                        } ss:
**COUNTY OF CLARK**     }

     **KEVIN PLOENSE**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **4/25/2023**, at the hour of **11:20 AM**. affiant as such Deputy Constable served a copy/copies of **SUMMONS-CIVIL, COMPLAINT "HEARING REQUESTED"** issued in the above entitled action upon the defendant **SEDGWICK CMS** named therein, by delivering to and leaving with said defendant **SEDGWICK CMS**, personally, at **9930 W CHEYENNE AVENUE LAS VEGAS, NV 89129**  within the County of Clark, State of Nevada, copy/copies of **SUMMONS-CIVIL, COMPLAINT "HEARING REQUESTED"**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 26, 2023.**

Kevin McMahill, Sheriff

By: _____  19526
     KEVIN PLOENSE P#15526
     Deputy Constable



RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON                    )
                                         )
**PLAINTIFF**                            )        CASE No. A-22-859817-C
                  Vs                     )        SHERIFF CIVIL NO.: 23002006
SCOTT L POISSON DBA BERNSTEIN &          )
POISSON                                  )
**DEFENDANT**                            )        **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**       }
                          }  ss:
**COUNTY OF CLARK**       }

    **KEVIN PLOENSE**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **4/18/2023**, at the hour of **9:50 AM**. affiant as such Deputy Constable served a copy/copies of **SUMMONS - CIVIL, CIVIL RIGHTS COMPLAINT** issued in the above entitled action upon the defendant **BERNSTEIN & POISSON** named therein, by delivering to and leaving with **SABINA DEMELAS, RECEPTIONIST** of **BERNSTEIN & POISSON**, personally, at **320 S JONES BOULEVARD LAS VEGAS, NV 89107** within the County of Clark, State of Nevada, copy/copies of  **SUMMONS - CIVIL, CIVIL RIGHTS COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 19, 2023.**

Kevin McMahill, Sheriff

By: _____  _15526_

KEVIN PLOENSE P#15526
Deputy Constable

**301 E. Clark Ave. #100     Las Vegas, NV 89101     (702) 455-5400**

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
### CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON ⟩
⟩
**PLAINTIFF** ⟩          CASE No. A-22-859817-C
                Vs ⟩          SHERIFF CIVIL NO.: 23001939
CHRISTOPHER D BURK, ESQ. ⟩
⟩
**DEFENDANT** ⟩          **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA** }
                              } ss:
**COUNTY OF CLARK** }

**ANTHONY LONGO**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Sgt. Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **4/17/2023**, at the hour of **12:38 PM**. affiant as such Sgt. Deputy Constable served a copy/copies of **SUMMONS-CIVIL, CIVIL RIGHTS COMPLAINT PERSUANT TO 42 U.S.C. § 1983** issued in the above entitled action upon the defendant **CHRISTOPHER D BURK** named therein, by delivering to and leaving with said defendant **CHRISTOPHER D BURK**, personally, at **2350 W CHARLESTON BOULEVARD #202 LAS VEGAS, NV 89102** within the County of Clark, State of Nevada, copy/copies of **SUMMONS-CIVIL, CIVIL RIGHTS COMPLAINT PERSUANT TO 42 U.S.C. § 1983**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 18, 2023**.

Kevin McMahill, Sheriff

By: _____ 9583
ANTHONY LONGO P#9583
Sgt. Deputy Constable



301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400

See Case 2:23-cv-01423-APG-EJY   Document 4   Filed 10/19/23   Page 159 of 266

## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON     )
    )
**PLAINTIFF**    )    CASE No. A-23-865442-C
    Vs    )    SHERIFF CIVIL NO.: 23001619
ENCORE EVENT TECHNOLOGIES INC    )
    )
**DEFENDANT**    )    **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**    }
    }  ss:
**COUNTY OF CLARK**    }

    **TODD SIMMONS**, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **4/4/2023**, at the hour of **2:45 PM**, affiant as such Deputy Constable served a copy/copies of **SUMMONS, CIVIL RIGHTS COMPLAINT BY AN INMATE** issued in the above entitled action upon the defendant **ENCORE EVENT TECHNOLOGIES INC** named therein, by delivering to and leaving with **CINDY NORTON, RECEPTION ADMIN of ENCORE EVENT TECHNOLOGIES INC**, personally, at **8850 W SUNSET ROAD 3RD FLOOR LAS VEGAS, NV 89148** within the County of Clark, State of Nevada, copy/copies of **SUMMONS, CIVIL RIGHTS COMPLAINT BY AN INMATE**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:** April 5, 2023.

Kevin McMahill, Sheriff

TODD SIMMONS P#15523
Deputy Constable

CLERK OF THE COURT

RECEIVED
JAN 16 2024

RECEIVED
DEC 19 2023
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

**301 E. Clark Ave. #100    Las Vegas, NV 89101   (702) 455-5400**

See  Case 2:23-cv-01423-APG-EJY  Document 4  Filed 10/19/23  Page 161 of 266

**RETURNED UNFILED**

**JAN 1 0 2024**

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON        )
                             )
**PLAINTIFF**                 )        CASE No. A-22-862155-C
          Vs                  )        SHERIFF CIVIL NO.: 23001618
STEVEN B WOLFSON D/B/A STATE BAR OF )
NEVADA                        )
**DEFENDANT**                 )        **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**      }
                         }  **ss:**
**COUNTY OF CLARK**      }

    **MARK HARDING**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on 3/30/2023, at the hour of **12:15 PM**. affiant as such Deputy Constable served a copy/copies of **SUMMONS, COMPLAINT** issued in the above entitled action upon the defendant **STATE BAR OF NEVADA** named therein, by delivering to and leaving with **MARGARET GOMEZ** of **STATE BAR OF NEVADA**, personally, at **C/O STEVEN B WOLFSON 200 LEWIS AVENUE LAS VEGAS, NV 89155**  within the County of Clark, State of Nevada, copy/copies of **SUMMONS, COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: April 4, 2023**.


                                    Kevin McMahill, Sheriff


                            By: _____  P# 5522
                                MARK HARDING P# 5522
                                Deputy Constable



RECEIVED

JAN 09 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

**301 E. Clark Ave. #100     Las Vegas, NV 89101     (702) 455-5400**

24-01055

# OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )
Vs )
BRIAN P CLARK )
)
**DEFENDANT** )

CASE No. A-22-856372-C
SHERIFF CIVIL NO.: 23001622

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA }
} ss:
COUNTY OF CLARK }

     **KEVIN PLOENSE**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **3/31/2023**, at the hour of **11:50 AM**. affiant as such Deputy Constable served a copy/copies of **SUMMONS, COMPLAINT** issued in the above entitled action upon the defendant **BRIAN P CLARK** named therein, by delivering to and leaving with said defendant **BRIAN P CLARK**, personally, at **CLARK MCCOURT LLC 7371 PRAIRIE FALCON ROAD STE 120 LAS VEGAS, NV 89128** within the County of Clark, State of Nevada, copy/copies of **SUMMONS, COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 4, 2023**.

Kevin McMahill, Sheriff

By: _____ / 5/26
KEVIN PLOENSE P#15526
Deputy Constable



301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400

# OFFICE OF THE SHERIFF
# CLARK COUNTY DETENTION
# CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON )
)
**PLAINTIFF** )     CASE No. A-22-859817-C
Vs )     SHERIFF CIVIL NO.: 23001617
KARLIE GABOUR D/B/A BERNSTEIN & )
POISSON )
**DEFENDANT** )     **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA** }
} **ss:**
**COUNTY OF CLARK** }

     **KEVIN PLOENSE**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **3/29/2023**, at the hour of **11:05 AM**. affiant as such Deputy Constable served a copy/copies of **SUMMONS, CIVIL RIGHTS COMPLAINT** issued in the above entitled action upon the defendant **BERNSTEIN & POISSON** named therein, by delivering to and leaving with **SABINA DEMELAS, OFFICE MANAGER**, personally, at **320 S JONES BOULEVARD LAS VEGAS, NV 89107** within the County of Clark, State of Nevada, copy/copies of **SUMMONS, CIVIL RIGHTS COMPLAINT**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED:  April 4, 2023**.

                                        Kevin McMahill, Sheriff

By: _____ /5576

               KEVIN PLOENSE P#15526
               Deputy Constable



RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON            )
                                 )
**PLAINTIFF**                    )        CASE No. A-22-858580-C
                    Vs           )        SHERIFF CIVIL NO.: 23001175
DANIEL SCHWARTZ ET AL, DBA LEWIS )
BRISBOIS, BISGAARD & SMITH LLP   )
**DEFENDANT**                    )        **AFFIDAVIT OF SERVICE**

**STATE OF NEVADA**        }
                          }  ss:
**COUNTY OF CLARK**        }

      Sgt **ANTHONY LONGO**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Sgt Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **3/7/2023**, at the hour of **10:15 AM**. affiant as such Sgt Deputy Constable served a copy/copies of **SUMMONS - CIVIL, COMPLAINT - JURY TRIAL DEMANDED** issued in the above entitled action upon the defendant **DANIEL SCHWARTZ ET AL** named therein, by delivering to and leaving with said defendant **DANIEL SCHWARTZ ET AL**, personally,  at **LEWIS BRISBOIS BISGAARD & SMITH 2300 W SAHARA AVENUE #900 LAS VEGAS, NV 89102**  within the County of Clark, State of Nevada, copy/copies of **SUMMONS - CIVIL, COMPLAINT - JURY TRIAL DEMANDED**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: March 8, 2023.**

Kevin McMahill, Sheriff

By: _____
Sgt ANTHONY LONGO P#9585
Sgt Deputy Constable



## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

MATTHEW TRAVIS HOUSTON ）

**PLAINTIFF** ）

      Vs ）    CASE No. 22A001898

ROSEMARIE MCMORRIS-ALEXANDER ）    SHERIFF CIVIL NO.: 22007856

**DEFENDANT** ）    <u>**AFFIDAVIT OF SERVICE**</u>

**STATE OF NEVADA** }

        } ss:

**COUNTY OF CLARK** }

    **DAVID SCHUMMER**, being first duly sworn, deposes and says:  That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Constable in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on **1/3/2023**, at the hour of **8:33 AM**. affiant as such Deputy Constable served a copy/copies of **SMALL CLAIMS COMPLAINT, ORDER TO APPEAR** issued in the above entitled action upon the defendant **ROSEMARIE MCMORRIS-ALEXANDER** named therein, by delivering to and leaving with **HUSBAND, ABROM ALEXANADER**, at **5504 MORNINGCROSS STREET LAS VEGAS, NV 89130** within the County of Clark, State of Nevada, copy/copies of **SMALL CLAIMS COMPLAINT, ORDER TO APPEAR**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**DATED: January 4, 2023**.

                    Kevin McMahill, Sheriff

                    By:_____

                    DAVID SCHUMMER P#15513

                    Deputy Constable



RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

**OFFICE OF THE SHERIFF**
**CLARK COUNTY DETENTION**
**CIVIL PROCESS SECTION**

MATTHEW TRAVIS HOUSTON                    )
                                          )
**PLAINTIFF**                             )        CASE No. 22A001793
                      vs                  )        SHERIFF CIVIL NO: 22007421
CRAIG MUELLER AND ASSOCIATES              )
                                          )
**DEFENDANT** _____     )        **NOT FOUND AFFIDAVIT**

**STATE OF NEVADA**        }
                           }  ss:
**COUNTY OF CLARK**        }

E.P. BROWN, being duly sworn, deposes and says:

That he/she is a regularly appointed, qualified Deputy Constable of the said County of Clark, in the State of Nevada and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process by the laws of the State of Nevada, and competent to be a witness therein; that he/she and now is a citizen of the United States of America and of the State of Nevada and that he/she received the within stated civil process:  SMALL CLAIMS COMPLAINT, SUMMONS AND ORDER TO APPEAR  on  12/5/2022 at the hour of 2:00 PM.

That after due search and diligent inquiry throughout Clark County, State of Nevada, I was unable to effect service upon the said *NEVADA APPEAL GROUP* Defendant within Clark County, Nevada.

**ATTEMPTS TO LOCATE:**

**Date:** 12/8/2022 @ 10:10 AM - 714 S 4TH STREET LAS VEGAS, NV 89101

**Attempted By:** E.P. BROWN

**Service Type: UNABLE TO SERVE.**

**Notes: THIS IS NEVADA DEFENSE GROUP. NO NAMES ON SMALL CLAIM WORK AT THIS OFFICE**

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

**Dated:  December 13, 2022**

                                          Joseph M. Lombardo, Sheriff

                                          By: _____
                                          E.P. BROWN P#16514
                                          Deputy Constable

RECEIVED
JAN 09 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

**301 E. Clark Ave. #100    Las Vegas, NV 89101    (702) 455-5400**

