UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW HOUSTON, | Case No. 2:22-cv-02168-ART-EJY |
| Plaintiff, | |
| v. | **AMENDED REPORT AND RECOMMENDATION** |
| ENCORE EVENT TECHNOLOGIES, *et al.*, | Re: ECF Nos. 10, 13, 14 |
| Defendants. | |

On February 13, 2024, the Court entered a Report and Recommendation[1] addressing Plaintiff's (1) 350 page Motion to Establish Factual Innocence, Renewed Motion to Stay, and for New Trial,[2] and (2) 436 page Motion for Relief for Judgment.[3]  The Court inadvertently failed to address Plaintiff's 296 page Motion for Relief from Judgment filed at ECF No. 10.  The Court does so now.

As stated in the February 13, 2024 Report and Recommendation, the Court entered a Report and Recommendation on December 21, 2023 citing an Order entered by the Honorable Jennifer A. Dorsey in Mr. Houston's case docketed as Case No. 2:22-cv-1740-JAD-EJY (the "1740 Case").  In the 1740 Case, Judge Dorsey stated:

> IT IS ORDERED that Matthew T. Houston is a vexatious litigant who is therefore ENJOINED and PROHIBITED under 28 U.S.C. § 1651(a) from commencing a new action with a case-initiation document (whether complaint, petition, or otherwise) that contains, attaches, or incorporates filings from Houston's other cases in this district or in the Nevada state courts without first obtaining prefiling permission from the Chief Judge of this district.[4]

Based on Judge Dorsey's Order, the Court recommended Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1), Complaint (ECF No. 1-1), and Motion for Production of Documents (ECF No. 2) be dismissed with prejudice.[5]  That recommendation is pending.

---

[1] ECF No. 15.
[2] ECF No. 13.
[3] ECF No. 14.
[4] The 1740 Case at ECF No. 30
[5] ECF No. 6.

1

On February 13, 2024, the Court entered its report and recommendation recommending Plaintiff's Motions at ECF Nos. 13 and 14 be dismissed with prejudice because of their length and indecipherability.[6] The Court further found that, even assuming Plaintiff sought relief from a prior criminal judgment, such relief must be raised through a habeas corpus petition.[7] The reasoning applied to Plaintiff's Motions at ECF Nos. 13 and 14, as stated in the Court's February 13th report and recommendation, apply equally to Plaintiff's Motion at ECF No. 10.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Relief from Judgment (ECF No. 10) be DENIED with prejudice.

IT IS FURTHER RECOMMENDED that Motion to Establish Factual Innocence, Renewed Motion to Stay, and Motion for New Trial (ECF No. 13) be DENIED with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Relief from Judgment (ECF No. 14) be DENIED with prejudice.

IT IS FURTHER RECOMMENDED that any objection to this Amended Report and Recommendation be due no later than fourteen days after the date of entry on the docket in this case.

DATED this 16th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

---

[6] ECF No. 15 at 2.
[7] *Id*. at 1 *citing Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).p

2

1   and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
2   factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
3   1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).