UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>ENCORE EVENT TECHNOLOGIES, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:22-cv-02168-ART-EJY<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

Before the Court are two reports and recommendations ("R&Rs") by Magistrate Judge Elayna J. Youchah recommending dismissal of this case. (ECF Nos. 6, 16.) Mr. Houston has filed objections to those R&Rs and several related motions. The Court has reviewed Mr. Houston's objections and dismisses his complaint with prejudice.

When a party objects to a magistrate judge's report and recommendation on a dispositive issue like dismissal, the district court must conduct a *de novo* review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case dispositive issue to which a party objects). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

Having reviewed Judge Youchah's R&Rs, Mr. Houston's complaint, and all objections, the Court concludes that the complaint should be dismissed with prejudice.

Judge Youchah has determined that Mr. Houston violated an injunction placed on him in a previous case and recommends dismissal of his Complaint with prejudice. (ECF Nos. 6, 16.) Though it is unclear that Mr. Houston violated the injunction, the Court agrees that dismissal with prejudice is appropriate.

At the end of last year, in a separate case filed by Mr. Houston, District Court Judge Jennifer A. Dorsey named Mr. Houston a vexatious litigant because of the numerous identical complaints he has filed in Nevada courts. Judge Dorsey issued an injunction barring Mr. Houston from filing any "new case" in the District of Nevada with a complaint, petition, or other "case-initiation document" that incorporates filings from his other, identical cases. *Houston v. Encore Event Technologies*, Case No. 2:22-cv-01740-JAD-EJY, 2023 WL 7042573, at *4 (D. Nev. 2023).

This case does not technically violate Judge Dorsey's injunction. While Mr. Houston's Complaint clearly incorporates filings from other cases, *compare id.* at *2-3 *with* (ECF No. 1-1), it was filed before Judge Dorsey's injunction took effect, so it is not a "new case" subject to that order.

Regardless, dismissal of Mr. Houston's Complaint is appropriate for the reasons underlying Judge Dorsey's decision. The Ninth Circuit holds that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann,* 614 F.2d 1221 (9th Cir. 1980). Rule 8(a) is "'violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

  Dismissal is appropriate under this standard. Much of Mr. Houston's complaint is indecipherable. Mr. Houston does not identify a cause of action either explicitly or implicitly; nor can the Court, even with a liberal eye, identify one. Further, this is the same complaint Mr. Houston has filed in several other actions. *See, e.g., Houston*, 2023 WL 7042573 at *2.

  The abstruse nature of Mr. Houston's complaints and his unwillingness to meaningfully alter them in his multiple other filings demonstrates that any opportunity to amend would be futile.

  For the reasons stated, the Court hereby denies Mr. Houston's motion for leave to proceed *in forma pauperis* and dismisses his complaint with prejudice. (ECF No. 1.)

  It is further ordered that Judge Youchah's reports and recommendations are accepted and adopted, to the extent that they do not conflict with this order. (ECF Nos. 6, 15, 16.)

  It is further ordered that all other motions and objections are dismissed as moot or overruled.

  The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

  Dated this 3rd day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE