UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>                               Plaintiff,<br>v.<br>ENCORE EVENT TECHNOLOGIES, *et al.*,<br><br>                               Defendants. | Case No. 2:22-cv-02168-ART-EJY<br><br>ORDER DENYING MOTIONS FOR NEW TRIAL AND MOTION TO VACATE DISMISSAL |

This case was dismissed with prejudice and closed in April 2024. Plaintiff Matthew Houston then brought three motions: two requesting a new trial (ECF Nos. 63, 64) and one requesting that the Court vacate dismissal (ECF No. 66).

Houston has previously been declared a vexatious litigant because of the numerous identical complaints he has filed in Nevada courts. *Houston v. Encore Event Technologies*, Case No. 2:22-cv-01740-JAD-EJY, 2023 WL 7042573, at *4 (D. Nev. 2023). The Court dismissed this case for failure to comply with Rule 8, explaining that much of the complaint was indecipherable and the Court was unable to identify a cause of action. (ECF No. 56.) Houston's motions for a new trial and motion to vacate dismissal are similarly indecipherable and the Court is unable to find an argument explaining why this case should be reopened.

A Court may, on motion, grant a new trial after a jury trial or nonjury trial for various reasons. Fed. R. Civ. P. 59. However, a Court cannot grant a motion for a new trial when there has been no trial. Because this case never went to trial, Houston's motions for a new trial are denied.

A Court may relieve a party from a final judgment or order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Court has reviewed Houston's initial petition and its dismissal order and finds that it did not err in dismissing this case.

The Court therefore orders that Houston's motions (ECF No. 63, 64, 66) are denied.

This action remains closed.

The Clerk of Court is directed to designate Matthew Travis Houston as a restricted filer in this matter and the Clerk will return unfiled any further papers submitted by Houston in this matter other than a notice of appeal from this order.

It is further ordered that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the district court's disposition of Houston's motions to be debatable or incorrect.

DATED: January 9, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE